SAN ANTONIO STREET RAILWAY COMPANY v. MARIE CAILLOUTTE.

No. 6819.

1. Petition—Cause of Action—Negligence.—The question of negligence and its degree must depend generally upon the facts of the case, and if it consists of an omission to perform a duty devolved on the person charged with negligence it must be considered with reference to the character of business in which such person is engaged. It is not necessary to allege that certain facts pleaded constitute negligence if the conclusion of negligence may be drawn from them.

2. Same.—The legal effect of the case made by the pleader depends upon the manner in which he states the facts, and not upon the name he gives them.  See allegations of facts which if found true by the jury would also sustain the conclusion therefrom of gross negligence.

3. Negligence. — See facts held sufficient to sustain an allegation of negligence made in the petition, and requiring that the issue be submitted to the jury.

4. Gross Negligence. — In an action against a railway company for negligently killing a human being on May 21, 1884, where the act resulted from negligence on part of the street car driver, the liability of the railway company was only for gross negligence.  In such case (before the amendment of the law) gross negligence should be defined in the charge, and the matter submitted to the jury whether the driver was guilty of gross negligence.

5. Contributory Negligence.—See facts where refusal to instruct upon contributory negligence was sustained.  The suit was by the mother for damages against the railway company for negligently causing the death of her infant son, aged fourteen months.  The child had crawled upon the track from his mother's door fronting upon the street.

6. Husband and Wife—Parties.—Pending a suit for damages for her son's death, the mother, a widow, married a second time.  The husband is a proper party, and should be made party on suggestion of the marrirge.  Rev. Stats., art. 1252.

7. Same—Practice.—The proper practice upon the marriage of a *feme sole* plaintiff is to present the fact by motion or suggestion before the trial.  The court should then act.

APPEAL from Bexar.   Tried below before Hon. G. H. Noonan.

The opinion gives a statement.

*Houston Bros.*, for appellant.— 1. An action at law brought for damages by the parent for the death of a child is dependent upon the statute, and the allegations of plaintiff's pleading must make a case within the provisions of the special statute authorizing such actions.   And where neither negligence of the proprietor, owner, charterer, or hirer of any vehicle for the conveyance of goods or passengers, nor unfitness or gross negligence of their servants or agents is alleged and shown, no action will lie for injuries resulting in death.   Rev. Stats., art. 2899; Hendrick v. Walton, 69 Texas, 195; Railway v. Hill, 71 Texas, 451; Railway v. Hanks, 73 Texas, 323.

2.   The court erred in not giving the charge asked by the defendant and refused by the court, wherein the court was asked to instruct the jury to find for the defendant, there being nothing in the record (pleading

or evidence) to show that defendant was guilty of any negligence whatever, or to show that the car driver was guilty of any negligence, much less gross negligence, and there being nothing in evidence to show that plaintiff had suffered any pecuniary damage whatever.    Gallagher v. Railway, 20 Reporter, 621.

3.    While the infant child could not be held responsible for contributory negligence if it had survived to be plaintiff, in a suit by the parent for death of child the parent could be defeated by showing that the parent (plaintiff) had by his or her negligence contributed to the death of the child.    Railway v. Chambers, 73 Texas, 296.

4.    A married woman can not prosecute a suit unless her husband be made a party or a reason given which brings the case within an exception to the rule.    Holliman v. Rogers, 6 Texas, 97.

*T. C. Pray,* for appellee.— 1.    In this case if the driver of the car saw or with reasonable diligence could have seen the child in time to avoid the injury and failed to do so, then he is guilty of such negligence as renders the appellant liable in damages.    Railway v. Hewitt, 67 Texas, 473; Reilly v. Railway, 7 S. W. Rep., 407; Hays v. Railway, 70 Texas, 602; Dahlstrom v. Railway, 8 S. W. Rep., 777; Railway v. Lee, 70 Texas, 496.

2.    Damages in this case is not an expert matter.    Where all the facts can be adequately exhibited to the jury and the subject under investigation does not require special skill and knowledge, the opinion of witnesses will not be admitted in evidence.    The jury will act upon their own knowledge in making the estimate upon the facts shown.    Hunt v. Railway, 7 S. W. Rep., 1; Stoker v. Railway, 4 S. W. Rep., 389; Sheriden v. Railway, 36 N. Y., 39; O'Mara v. Railway, 28 N. Y., 445; Drew v. Railway, 26 N. Y., 49; McIntyre v. Railway, 37 N. Y., 287.

3.    A *feme sole* plaintiff marrying *pendente lite,* where her husband after marriage neither refuses nor offers to join her, but remains passive and indifferent to her rights and having no interest in the subject matter of the suit, she may proceed to judgment without him and in the name in which the suit is originally commenced, neither the person nor interests being changed.    Rev. Stats., arts. 1252, 1253, 265; Cook v. Bybee, 24 Texas, 278.

HOBBY, PRESIDING JUDGE.—The appellee, Marie Cailloutte, brought this suit on the 30th day of June, 1884, against the San Antonio Street Railway Company, to recover damages resulting from the death of her infant child Victor, fourteen months of age, caused by being run over by one of defendant's cars, in the city of San Antonio, on May 30, 1884.

The defendant's answer consisted of a general demurrer, general denial, and a plea of contributory negligence on the part of plaintiff.

The trial in the District Court resulted in a verdict and judgment for plaintiff for $2000, from which the defendant has appealed.

The first error assigned has reference to the court's action in overruling the demurrer of the defendant to the petition.

It is claimed that the petition does not make a case within the statute; that it does not contain allegations of "negligence on the part of the proprietor, owner, charterer, or hirer of defendant in its management or the employment of servants, resulting in injury to plaintiff;" nor are there averments of gross negligence on the part of the defendant's employes.

It is insisted that this character of negligence is not to be reasonably inferred from the facts alleged in the petition. The averments pertinent to this question are, in substance, that "On the 31st day of May, 1884, the defendant operated a line of street cars in the city of San Antonio, by horse power. That one of said cars was so operated by a driver in defendant's service on West Commerce Street, in said city. That plaintiff's residence and place of business was located on the north side of said street, on the line of said railway. That in front of said premises was a sidewalk eight feet in width, and three feet beyond the curbing of said walk was located said railway. That across said railway track and in front of plaintiff's premises, on the date mentioned, and about fifty feet from plaintiff's front door, a number of children were at play, and one of the plaintiff's children, Victor, an infant fourteen months of age, a healthy, bright, active male child, being in the front part of the house aforesaid, had without plaintiff's knowledge, fault, or negligence left said house and was creeping towards the defendant's track in said street, in the direction of said children at play, when the said defendant, by its employes then operating said car No. 2, and being required to operate said car with care, in a prudent and proper manner, with regard to the rights of others, came down the road with the said car loaded with passengers, and the mule drawing the same driven at a rapid gait and then being urged and whipped to increase the same, and with an unobstructed and clear view of the roadway in front, the said defendant, by its servants, managers, and operators of said car, then and there without proper regard, imprudently, carelessly, heedlessly, and negligently drove said car up to, upon, and over said creeping child while in the act of crossing said track, and then and there crushed said child and caused its immediate death."

If these allegations be true, and they are so conceded to be by the demurrer, we can not say as a matter of law that a case of negligence is not made by them for which the defendant would be liable in damages. The rule is well settled and familiar in this State that the question of negligence and its degree must depend generally upon the facts of the case. Railway v. Hewitt, 67 Texas, 473. And if it consists of an omission to perform a duty devolved on the person charged with negligence, it must

be considered with reference to the character of business in which such person is engaged. Railway v. Hewitt, 67 Texas, 473.

It is not necessary to allege that certain facts pleaded constitute negligence if the conclusion of negligence may be drawn from them.

The legal effect of the case made by the pleader depends upon the manner in which he states the facts, and not upon the name he gives such facts.

The petition in this case contains allegations of fact from which, if established by proof, the jury might have found gross negligence. The demurrer we think was properly overruled.

The third assignment is that the court erred in not instructing the jury to find for the defendant. It is claimed in support of this assignment that there was no proof of any character of negligence on the part of the car driver.

The testimony of a witness for the plaintiff, Mr. Chas. Winn, who was a passenger on the car at the time the child was killed, was as follows:

"I know about the killing of plaintiff's child in spring of 1884. On the day the child was killed, about the last of May or first of June, 1884, I was on Avenue C car belonging to San Antonio Street Railway Company, going from my residence to International & Great Northern Railway depot, in San Antonio, Texas. It was a close car, and I was sitting on the right hand seat next to the window opening upon the platform where the driver was standing. As we approached the International & Great Northern depot, about twenty-five or thirty feet from where the plaintiff was residing, looking out of the window I saw a child standing near plaintiff's door suddenly drop to its knees and commence to crawl or creep rapidly toward the street car track. The driver was urging his mule by striking him on the left side with his lines, and the mule was going rapidly with the car. The window shutters to most of the windows were drawn up on account of the sun, as it was then 4 o'clock, perhaps later, in the afternoon. There were several passengers in the car besides myself, none of whom I knew. When I saw the child I knew the driver did not see it, and I was alarmed and spoke out loudly to him saying, "Look out; stop your car; you will kill that child." The driver did not seem to heed me but continued to urge his mule. The child, approaching the track at right angles, rapidly disappeared from my sight, as I jumped to my feet in an excited manner and struck upon the iron guard of the platform with my cane, exclaiming loudly, "Damn it, you'll kill the child." Just at that moment the driver seemed to become aware there was danger and turned on his brake to stop the car, which was under such headway that it ran over the child and crushed it before it stopped. The car was checked, as well as I can remember, almost opposite plaintiff's door, where the street car track approaches within a few feet of the sidewalk. The driver on this car was acting as conductor, and when the car stopped

and all the passengers got out a wild scene occurred when the weeping mother seized her mangled and bleeding babe and bore it into the house. The driver seemed to be as much affected by the occurrence as any bystander, and I don't believe or think that he wantonly or intentionally drove over the child, but that he was careless by urging his mule past, and the accident was the result of his heedlessness or an effort to pass before the child could reach the track. Immediately before the occurrence the driver was striking his mule with the line; at the very moment of running over the child he was throwing on his brake."

We do not think under these facts the requested instruction should have been given.

The second error assigned is that the court erred in charging the jury that any negligence of the driver would make the defendant liable, and in not confining the latter's liability to the gross negligence of its employes. This presents the most serious question in the case.

The child was killed on May 31, 1884. There is no controversy as to this fact. At that time no recovery could be had in a case of this character unless the injuries causing the death resulted from the gross negligence of the defendant's employes. Railway v. Hanks, 73 Texas, 324, and cases cited.

The charge of the court in the present case authorized a recovery by plaintiff if the death of the child was caused by the negligence of the defendant's car driver. This was not the law of the case. Gross negligence should have been defined and the question submitted to the jury whether the car driver was under the facts guilty of such negligence.

The appellant requested the court to instruct the jury that if the plaintiff permitted the child to crawl in the public street alone and without a protector, and the child was too young to recognize and avoid the danger, then they would consider whether it was not negligence in the plaintiff to permit the child to crawl on said street and defendant's track, and if they found that it was negligence and contributed to cause the death of the child the plaintiff can not recover.

The plaintiff testified that on the 31st of May, 1884, she had the child in her arms. A customer came in to buy sugar. Plaintiff put the child down to wait on the customer. While waiting on the customer she heard some one cry out; she looked out at the door and saw the child under the wheels. He had never been out there before. She put the child down on a fruit stand in the door when she waited on the customer; stood on this stand herself to get the sugar; had not weighed it when she heard the noise and looked out.

A witness for defendant stated that he "had driven a car on that line for defendant some time before. Had seen the child on or near the track before; had seen it run out in front of the mule, and the mother ran out

and picked it up.    He told the mother the child would  be killed if she did not look out."

On cross-examination he stated that he was not positive that it was the child who was killed; "may have been an older one."

We think it may be well doubted whether under the facts of this case any charge upon the question of contributory negligence was applicable. If such charge had been proper the requested instruction seems to be in accord with the rule in our State on that subject.

No exemplary damages were asked for in the petition.    This issue was not submitted to the jury, and the sixth assignment, complaining of the court's refusal to exclude the consideration of such damages from the jury, is unsupported by the record.

It is complained  that the trial was proceeded with without the necessary parties plaintiff to the suit.    The suit was brought on the 1st day of July, 1884, by the plaintiff, Mrs. Marie Cailloutte, the mother of the deceased child.    Her husband was then dead.    In 1886 she married her present husband, Jeanin Vital, who is now living with her in San Antonio.    He knew of this suit, but neither refused nor offered to join her in it.    These facts appear to have been disclosed by plaintiff's testimony on the trial.    The defendant objected to proceeding with the trial until the husband was made a party plaintiff.    The court overruled the objection and the defendant excepted.

Under the statute a suit instituted by a *feme sole* does not abate by her marriage, but upon a suggestion of that fact being entered of record the husband may make himself a party, etc.    Rev. Stats., art. 1252.

The husband of the plaintiff should be made a party plaintiff.    If he refuses to join his wife her rights need not necessarily be prejudiced thereby. Where the wife is entitled to recover damages she should be joined by her husband in a suit for the recovery thereof.    If in a case like the present the defendant desires to make the husband a party, the better practice would probably be to present the question before the trial in a motion or suggestion in proper form.    He should not be permitted to make the objection during the progress of the trial. 

For the reasons mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*