## HOUSEHOLD FURNITURE CO. v. STORRIE. (No. 7710.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1927. Rehearing Denied March 16, 1927.)

**1. Principal and agent ☞189(2)—Answer that defendant acted in good faith in believing he was dealing with authorized agent of plaintiff in making settlement of account held not demurrable.**

In action for balance due on merchandise and to foreclose chattel mortgage thereon, with defense of settlement, answer showing that defendant acted in good faith believing he was dealing with duly constituted agent of plaintiff in making settlement, though defendant did not plead conclusion that he acted in good faith, *held* not demurrable.

**2. Principal and agent ☞92(1)—Settlement with authorized agent whose acts were ratified by credit manager held binding on principal.**

Where principal's credit manager acted with and ratified acts of agent in making settlement of account with defendant, *held*, that principal was bound by settlement.

**3. Principal and agent ☞111(3)—Authority to adjust credits is implied from position of "credit manager."**

Position of "credit manager" carries with it implied authority to adjust credits, especially where he exercised such powers before.

**4. Trial ☞133(6)—Remark of defendant's counsel to jury that answering issues in certain way would be deciding in defendant's favor held harmless.**

Remark of defendant's counsel to jury that answering issues in certain way would be deciding in favor of defendant *held* harmless, where court instructed jury not to consider remark and counsel apologized to court and opposing counsel.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by the Household Furniture Company against H. C. Storrie. From a judgment for defendant, plaintiff appeals. Affirmed.

Hal Browne, of San Antonio, for appellant.

T. Maxey Hart, of San Antonio, for appellee.

FLY, C. J. This is an action by appellant to recover the sum of $496.18, with interest thereon at 10 per cent. per annum from April 1, 1926, and 10 per cent. on principal and interest for attorney's fees, and to foreclose a certain chattel mortgage lien on certain goods, wares, and merchandise. Appellee claimed to have paid the debt in full on or about October 31, 1925, to an authorized agent of appellant. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered that appellant recover nothing and pay the costs of suit.

Appellee claimed to have made a settlement of the indebtedness due appellant with one B. A. Livesay, an agent for appellant, and the jury found that Livesay acted within the scope of his authority in making the settlement with appellee, and that Spangler, the credit manager of appellant, agreed to such settlement, which consisted in accepting the sum of $400 in full payment of the debt, and that he was acting within the scope of his authority. The agreement was to accept $330 in cash and $70 for merchandise in full payment of the debt. The jury found against ratification of the settlement by appellant.

[1] The answer of appellee was not open to the general demurrer or special exceptions. Appellee pleaded payment of the account through an agreement upon the part of Spangler, who was described as "plaintiff's credit manager, and who had held such position for considerable time prior thereto, defendant having made previous payments to plaintiff through said agent and employee." In regard to Livesay it was alleged that he was a salesman and its "authorized agent and said agent had authority to accept said payment for plaintiff." Again it was alleged that—

"Said agent's position of credit manager led defendant to believe that he was so authorized, and defendant dealt with said agent in the belief that he was acting within his authority because of same apparently being within the scope of his authority."

The pleading was sufficient and showed that appellee acted in good faith believing he was dealing with a duly constituted agent of appellant and it was not necessary to plead his conclusions that he acted in good faith. The action of the court in sustaining the answer is not directly assailed, but the attack is attempted in an indirect way through a complaint of a failure to render a judgment for appellant. Such practice is not to be commended. The first and second, third, and fourth points are overruled.

[2] Livesay was undoubtedly an agent of appellant, and Spangler was undoubtedly the credit manager of appellant. The very fact that Spangler was the credit manager would carry with such position or office the apparent authority to adjust credit, and when he

acted with and ratified the acts of Livesay appellee was justified in dealing with him as the agent of appellant with the authority assumed by him. Appellant made it possible for the agent and the manager to deal as they did with appellee, and appellant should be made to suffer for the acts of the two agents rather than the public.

[3] The position of "credit manager" carried with it the implied authority to adjust credits, especially as he exercised such powers before. The words "credit manager" carry with them the right not only to extend credit but also to adjust credits. Meachum on Agency, § 991. The evidence showed that appellee acted in good faith. The fifth, sixth, seventh, eighth, and ninth points are overruled.

[4] The tenth point is overruled. If it were held that it was improper for counsel to tell the jury that answering certain issues a certain way would be deciding in favor of appellee, the jury was instructed by the court not to consider the remark of counsel, and counsel joined in the demand of the court and apologized to the jury, the court, and opposing counsel. There is nothing to indicate that any damage to appellant resulted from the remark.

The judgment is affirmed.