**KOONS v. ROOK et al. (No. 788–4786.)**

Commission of Appeals of Texas, Section B. June 4, 1927.

**1. Assault and battery ⊙⇒13—One acting in self-defense is not liable for damages for injuries inflicted on assailants.**

One acting in self-defense at the time of inflicting injuries on his assailants is not liable for damages therefor.

**2. Assault and battery ⊙⇒2—Civil rights and liabilities for shooting at passersby must be determined under law of negligence, not criminal statutes (Pen. Code 1925, arts. 1221, 1222, 1258).**

Rights and liabilities in civil action for damages by plaintiffs, who, while riding in highway at night, were shot by defendant from his home, must be determined by principles of law applicable to personal injury cases, to recover damages for negligence, not under Pen. Code 1925, arts. 1221, 1222, 1258, relating to justifiable homicide.

**3. Negligence ⊙⇒1—"Negligence" involves duty, failure of performance, and resulting injury.**

"Negligence" involves three essential elements, the defendant's duty to protect the plaintiff from injury, his failure to perform it, and injury resulting therefrom.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

**4. Assault and battery ⊙⇒43(2)—Court should instruct on defendant's rights under circumstances of fear as explanatory of plaintiffs' cause of action for damages for shooting at them in highway.**

Court should, in action for damages for injuries sustained by plaintiffs when shot by defendant while passing his home at night, instruct as to rights of defendant to act under the circumstances of alleged fear of attack, by way of explaining essential elements of the plaintiffs' cause of action.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Assault and battery ☜43(1)—Instructions as to essential elements of negligence, contributory negligence, ordinary care, and proximate cause, held required in action for damages for assault.**

Court should, in action for damages for injuries sustained by plaintiffs when shot by defendant, in mistaken belief as to identity and purpose while passing his home at night, instruct jury as to essential elements of negligence, contributory negligence, ordinary care, and proximate cause.

**6. Negligence ☜1—Negligence depends on facts of particular case at time act was done.**

Question of negligence depends on all facts of the particular case, which are measured by the legal rights of the defendant existing at the very time the act was done.

**7. Assault and battery ☜13—Husband owes duty to family and himself to protect his and their lives.**

Husband owes to himself and family duty of protection against apparent danger to his own life or to their lives.

**8. Assault and battery ☜13—Husband does not owe duty to persons passing home which would result in failure to protect lives of self and family.**

Husband does not owe any duty to persons passing along the public highway before his home at night which would result in a failure to discharge the duty of protection of life owed by him to himself and his family.

**9. Assault and battery ☜26—Burden is on plaintiffs, suing for injuries from defendant's shooting as they passed his home, to establish his negligence.**

Burden is on plaintiffs, suing for injuries sustained upon the defendant's shooting at them from his home as they were passing along the highway at night, to establish by the preponderance of evidence that the defendant acted negligently.

**10. Assault and battery ☜13—Use of "or" instead of "and" in instruction on "acts or words" as justifying shooting held improper under evidence.**

Use of word "or" instead of "and" held incorrect, under evidence, in instruction permitting verdict for defendant charged with negligence in shooting plaintiffs, if their "acts, conduct, or words" caused defendant to believe himself and family in danger.

**11. Negligence ☜65—"Contributory negligence" is act or omission amounting to want of ordinary care, concurring with defendant's negligence, as proximate cause of injury.**

"Contributory negligence" is such an act or omission of plaintiff, amounting to the want of ordinary care, as concurring or co-operating with defendant's negligent act, was the proximate cause or occasion of the injury complained of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contributory Negligence.]

**12. Negligence ☜65—Plaintiff's act contributing to injury will not defeat recovery unless negligent.**

Act of plaintiff contributing to injury is not sufficient to defeat recovery, unless the act was also negligent.

**13. Negligence ☜82—Contributory negligence need not have been principal cause of injury.**

Plaintiffs' contributory negligence need not, to defeat recovery, have been the principal cause of the injury.

**14. Negligence ☜122(1)—Burden of establishing plaintiff's contributory negligence is on defendant.**

Burden of establishing the plaintiff's contributory negligence rests on the defendant, who seeks by reason thereof to avoid liability for the injuries to the same extent as it rested on the plaintiff to establish the defendant's negligence.

**15. Negligence ☜68—Test of contributory negligence is whether prudent person would have acted similarly in circumstances.**

The test whether plaintiff was guilty of contributory negligence is whether a prudent person, in the same situation, and with the same knowledge, would have acted as the plaintiff did.

**16. Negligence ☜82—Contributory negligence will not defeat recovery, unless it is proximate cause of injury.**

Negligent conduct of plaintiff, contributing to his injury, is not sufficient to defeat recovery, unless this conduct was a proximate cause of the injury inflicted by defendant.

**17. Negligence ☜56(1)—"Proximate cause" is negligent act proximately contributing, but not necessarily nearest to injury and reasonably likely to produce it.**

"Proximate cause" within the principle of contributory negligence, is an act or series of acts of negligence, which proximately contributed to the injury, though not necessarily the last or nearest to the injury, which might reasonably have been contemplated as producing the result, and without which the injuries would not have been inflicted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**18. Assault and battery ☜13—Husband negligently shooting passersby under fear of harm to self and family is liable, unless plaintiff is contributorily negligent.**

Husband, shooting at persons passing along highway in front of home at night, under fear of bodily harm to himself and family, is liable for damages if he acted negligently, unless the injured persons were guilty of contributory negligence.

**19. Assault and battery ☜42—Negligence of defendant shooting at passersby in fear of attack on self and family, and plaintiffs' contributory negligence, held questions for jury.**

The negligence of defendant in shooting at persons passing his home at night in fear of bodily injury to himself and family, and the

contributory negligence of the plaintiffs, *held* questions for the jury to determine.

**20. Evidence ⬦⟳222(2)—Evidence of defendant's statements under arrest for shooting passersby is admissible in action for damages for injuries.**

Evidence of defendant's material statements about his shooting persons passing his home at night, made while under arrest, is admissible in a civil action for damages; the rule of the criminal law rendering such declarations inadmissible, not being applicable.

**21. Evidence ⬦⟳220(1)—Testimony of defendant's failure to make certain statements under arrest is not admissible in civil action for assault, though actual statements may be proven.**

Testimony that defendant did not, while under arrest, make certain statements respecting the shooting, is not admissible in an action against him for damages, though proof of the statements he did make would be received, since he was not under a duty to speak.

**22. Appeal and error ⬦⟳719(11)—Judgment must be reversed by Supreme Court, where assignments do not question holding by Court of Civil Appeals that jury was guilty of misconduct.**

Judgment of the district court must be reversed on appeal to the Supreme Court, where the Court of Civil Appeals found that the jury was guilty of misconduct, and no assignments of error present the correctness of this holding for review.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Consolidated actions by J. J. Rook, and by Cecil Rook, Majel Emler, and Mattie Emler, respectively, by their next friends, against J. P. Koons. The Court of Civil Appeals reversed a judgment for the defendant and remanded the case for a new trial (289 S. W. 1077), and the plaintiffs and the defendant bring error. Judgment of the Court of Civil Appeals affirmed, and cause remanded.

Marion Reynolds and H. B. Hill, both of Shamrock, R. H. Cocke, of Wellington, and B. Y. Cummings, of Wichita Falls, for plaintiff in error.

E. T. Scott, of Wheeler, and J. W. Sanders, of Canadian, for defendants in error.

SHORT, J. Writs of error have been granted to both parties, the original plaintiffs and the original defendant. It will therefore be more convenient to so designate them in this opinion. The judges of the Court of Civil Appeals at Amarillo wrote three opinions on the case, two of which were published. 289 S. W. 1077. In these opinions a full statement of the pleadings and the testimony is given. The lawsuit grows out of a transaction resulting in serious bodily injuries having been inflicted upon the plaintiffs by defendant; the latter having fired an automatic shotgun loaded with bird shot into an automobile occupied by some boys and girls riding up and down the highway in front of his house about the hour of midnight, singing, playing a French harp, and perhaps making other noises. One of the plaintiffs lost his eyesight in both eyes. Two of the others lost their eyesight in one of them. Other injuries were inflicted. The injured parties were children of some neighbors of the defendant with whom he was on friendly terms. The defendant excuses his conduct in firing into the automobile by alleging that he was, and had been for a number of months, in fear of sustaining death or serious bodily injury from some other parties in the neighborhood, whose enmity he had incurred, and who had threatened his life, and by whom he had been beaten on divers and sundry occasions, and that the conduct of the plaintiffs was such as to lead him to believe that these threats were about to be carried into execution by these other parties.

The first paragraph of the plaintiffs' petition briefly states from their standpoint the conduct of the defendant upon which they base their cause of action, as follows:

"That on or about the 9th day of September, 1925, plaintiffs Cecil Rook, Majel Emler, and Mattie Emler were in an automobile driving past the residence of defendant in Wheeler county, Tex., and were driving along the public highway in front of defendant's residence in said automobile, when defendant unlawfully and without justification fired upon said plaintiffs with a shotgun loaded with shot, at close range, and with said gun unlawfully shot plaintiffs five or six times, severely, painfully, grievously, and permanently wounding said plaintiffs, and inflicting painful and permanent injuries upon plaintiffs."

The injuries were thereafter fully described, and the damages were alleged to be approximately $107,000.

There was a trial before a jury and judgment was rendered in favor of defendant. Upon an appeal to the Court of Civil Appeals, the judgment was reversed on account of the misconduct of the jury. All the judges of the Court of Civil Appeals agreed upon this point, but there was a dissenting opinion written by Justice Randolph, based upon the alleged error of the court in instructing the jury with reference to the right of the defendant to act on apparent danger to himself and in defense of his family; the majority opinion holding that these instructions were correct. The plaintiffs' application was granted as a matter of course on account of the granting of the defendant's application.

By omitting the phrase from the paragraph quoted, "unlawfully and without justification," and also the word "unlawfully" following that phrase, the allegations of fact

⬦⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the paragraph are confessedly true according to the testimony of both parties. The darkness of the night prevented the defendant from recognizing the occupants of the automobile at the time he inflicted the injuries. While the allegations of the plaintiffs present the theory of a willful and wanton as well as an intentional act on the part of the defendant, yet the testimony from their standpoint tends to show the act to have been one of negligence. Upon the other hand, while the allegations of the defendant theoretically present the defense of self-defense and of the defense of his family against an apparent danger imminent to himself and members of his family, yet his testimony tends to show that he acted without negligence, under a mistaken idea as to the identity of the parties in the automobile. The case was tried both in the lower court and disposed of in the Court of Civil Appeals under the respective theories presented by the pleadings.

Justice Randolph, who wrote the first opinion for the Court of Civil Appeals reversing the case on account of the misconduct of the jury, concluded that the trial court erred in giving the following charge at the request of the defendant to the jury:

"If you believe from the evidence that on the night that plaintiffs were shot, the defendant had become alarmed by reason of the acts, conduct, or words of the plaintiffs, or either of them, and that he believed himself or his family in danger, then he had the right to arm himself with a shotgun and go out of his house into the yard for the purpose of protecting himself and his family from any danger that he may have reasonably believed to have existed at the time."

Justice Jackson who seems to have written an original dissenting opinion, wrote another in which he disagreed with his associate in part, holding that the instructions of the trial court to the jury as to the rights of the defendant were correct. In this second dissenting opinion, Chief Justice Hall concurred.

The plaintiffs objected to the charge of the court presenting the rights of the defendant in error, not only as to the use of the word "or" in the above-quoted charge, but also in permitting the jury to take into consideration the rights of the defendant to protect his family from the apparent threatened danger. The plaintiffs also objected to the charge of the court in placing the burden of proof upon them to show by a preponderance of the evidence the nonexistence, from the standpoint of defendant, of any right to protect himself or his family from this apparent threatened danger, asserting that this defense of the defendant was in the nature of a plea of confession and avoidance, and that the burden of proof rested upon him to establish it by a preponderance of the evidence. It will be seen from a reading of the

opinions of the Court of Civil Appeals in this case that the judges thereof concluded that the defendant's right must be measured by the rules applicable to a criminal case. According to these rules, as defined in articles 1221 and 1222 of the Revised Penal Code of 1925, homicide, to be justifiable, must have been committed when it reasonably appeared by the acts or by words coupled with the acts of the person killed that it was the purpose and intent of such person to commit certain offenses named in the article, and that the killing must take place when the person killed was in the act of committing such offense *or after some act done by him showing evidently an intent to commit* such offense. The testimony in this case shows that at the time the defendant fired the shot he was not in position to determine the identity of the parties or to see what they were doing at the very moment he fired the shots. Again, article 1258 of the Penal Code 1925 provides as follows:

"Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the killing unless it be shown that *at the time of the homicide* the person killed by some act then done manifested an intention to execute the threat so made."

The plaintiffs contend that under the testimony in this case the defendant was not entitled to invoke these articles of the Penal Code, because the testimony showed his claim to protection was based upon hearing the uttering of certain words apparently emanating from some one in the automobile, reasonably indicating that the persons in the automobile were about to execute a threat to take his life, but that such words were not accompanied by any act showing evidently an intent to commit such offense.

After instructing the jury that the burden of proof was upon the plaintiffs to establish the material allegations of their pleadings by a preponderance of the evidence, and after defining the word "assault" as being any unlawful violence used by one person upon the person of another with the intention of injury, the trial court then instructed the jury as follows:

"Bearing in mind the foregoing instructions, if you find and believe from the evidence in this case by a preponderance thereof that the defendant J. C. Koons on the 9th day of September, 1925, *not in defense of himself or any member or members of his family*, assaulted the plaintiffs Cecil Rook, Mattie Emler and Majel Emler by firing upon them with a gun, and that by reason of such assault, if any, the plaintiffs have sustained damage thereby, then I charge you that your verdict should be for the plaintiffs for damages, the measure of which you will find in the succeeding paragraph of this charge, unless you should find for the defendant on other charges hereinafter given."

The plaintiffs objected to the language which we have underscored used in the above-quoted paragraph, on the ground that the law did not impose upon them the burden of proving by a preponderance of the evidence that the defendant did not act in defense of himself or any member of his family.

[1, 2] In March v. Walker, 48 Tex. 377, the Supreme Court of this state declares that the law of self-defense is the same in civil as in criminal actions, with the exception of the rule giving the defendant the benefit of a reasonable doubt. This principle of law is again enunciated in Croft v. Smith, 51 S. W. 1091, by one of our Courts of Civil Appeals, and is also enunciated in Tucker v. State, 89 Md. 484, 43 A. 778, 44 A. 1004, 46 L. R. A. 181. Evidently, if the defendant acted in self-defense at the time he inflicted the injuries, he would not be liable for any damages on account of having inflicted such injuries, and it has been seen that the plaintiffs were only required to establish by a preponderance of the evidence that he did not so act. However, we are inclined to think that the charge of the court in this respect is technically an error. The relative rights and liabilities of the parties in this case must be determined by the principles of law applicable to personal injury cases to recover damages on account of negligence.

[3-5] There are three essential elements of negligence: (1) The existence of a duty on the part of defendant to protect the plaintiffs from injury; (2) the failure of the defendant to perform that duty; and (3) injury to plaintiffs from such failure of the defendant. 29 Cyc. pp. 419, 420. To prove their cause of action, the plaintiffs were required to establish by a preponderance of the evidence the three essential elements of negligence above enumerated, among which is that the defendant, at the time the injuries were inflicted, failed to perform the duty he owed to the plaintiffs; that is, he was guilty of failing to exercise that care which an ordinarily prudent man under the circumstances of this particular case would have used. The court should so have instructed the jury. Evidently the court should also have informed the jury as to the rights of the defendant to act under the circumstances developed by the testimony, including the right to defend against apparent danger as viewed from his standpoint alone. However, the legitimate purpose of such an instruction would be in the nature of an explanation of that portion of the charge stating the essential elements of the plaintiffs' cause of action. If the defendant was justified in acting upon the reasonable apprehension or fear of death or serious bodily injury either to himself or members of his family as viewed from his standpoint at the time he inflicted the injuries, then the plaintiffs' case would be lacking in one of the essentials necessary to be established to justify recovery. Likewise the court should have instructed the jury as to the legal meaning of the word "negligence" and the phrases "contributory negligence," "ordinary care," and "proximate cause," so that, in passing upon the issues presented by the pleadings and the testimony, the relative rights and liabilities of the respective parties might be determined in the light of this necessary information.

[6] Had the court, in place of the words which we have underscored in stating the liability of the defendant, used the following: "Without exercising that care which an ordinarily prudent man under the circumstances of this particular case would have used" —the legal liability of the defendant would have been more clearly set forth, and at the same time the elements of the plaintiffs' cause of action would have been definitely stated, provided, of course, the charge had included explanatory paragraphs of the meaning of the word "negligence" and of the phrases "contributory negligence," "ordinary care," and "proximate cause," as is usual in personal injury cases based on negligence. If the defendant inflicted the injuries upon the plaintiffs negligently, then the other elements of the plaintiffs' case necessary to a recovery of some amount of damages are proven without contradiction, as the defendant admitted firing the gun which inflicted the injuries, and there was no controversy about the firing of the gun being the proximate cause of the injuries. But this question of negligence must depend upon all the facts in this particular case, and these facts must be measured by the legal rights of the defendant existing at the very time the act was done, which is alleged, in substance, to have been a negligent one. San Antonio Street Ry. Co. v. Cailloutte, 79 Tex. 343, 15 S. W. 390.

[7-10] The defendant owed to himself and his family the duty of protection against apparent danger to his own life or to the lives of the members of his family. Owing this duty to himself and his family, it necessarily follows he did not owe any duty to the plaintiffs which would result in a failure to discharge the duty to himself and family. So, we think that the burden of proof was upon the plaintiffs to establish by a preponderance of the evidence the fact that the defendant acted negligently at the time he inflicted the injuries, and yet we are inclined to think that the charge of which plaintiffs complain was technically incorrect. We are also inclined to believe that the use of the word "or" in place of the word "and" in the charge heretofore quoted was incorrect under the facts of the case, and upon another trial, if the same paragraph is used in defining the rights of the defendant in the particular mentioned, the conjunctive "and" should be used in place of the disjunctive "or."

[11, 12] The defendant in his answer in ef-

fect alleges that, while he may have been negligent in firing the gun which inflicted the injuries, yet that he is not liable therefor to the plaintiffs, for the alleged reason that the latter were guilty of contributory negligence, which is such an act or omission on the part of the plaintiffs amounting to an ordinary want of care as, concurring or co-operating with the negligent act of the defendant, was the proximate cause or occasion of the injuries complained of. 29 Cyc. p. 505; St. Louis, Southwestern Ry. Co. v. Casseday, 92 Tex. 525, 50 S. W. 125; Martin, Wise & Fitzhugh v. Texas & Pacific Railway Co., 87 Tex. 117, 26 S. W. 1052. But this contributory negligence of the plaintiffs must be a negligent act or a series of negligent acts. It is not sufficient merely that the act contributed to the injury, as it is the contributory negligence and not the contributory act or series of acts which defeats recovery. Selman v. Gulf, C. & S. F. Ry. Co., (Tex. Civ. App.) 101 S. W. 1030.

[13-17] To bar the recovery by the plaintiffs, it is not necessary that their negligence should have been the principal cause of the injury, since contributory negligence exists if the injury be caused by the joint and concurring negligence of the persons injured and of the defendant. Where a defendant seeks to avoid liability for his own negligent acts on the ground of contributory negligence on the part of the persons injured, the burden of establishing the fact of contributory negligence rests upon him to the same extent as it rested upon plaintiffs to establish the negligence of the defendant. The test whether plaintiffs were guilty of contributory negligence is whether a prudent person, in the same situation, and with the same knowledge would have acted as they did. Texas Railway Co. v. Best, 66 Tex. 118, 18 S. W. 224. If the plaintiffs' conduct, measured by this test, was negligence and, that concurring with the negligence of the defendant, if any, it occasioned the infliction of injuries, then notwithstanding the defendant was guilty of negligence himself, the plaintiffs could not recover. But, in determining this fact, the burden rests upon the defendant. However, even though the conduct of the plaintiffs amounted to negligence and contributed to the injuries received by them, yet, unless this conduct was a proximate cause of the injuries inflicted upon the plaintiffs by the defendant. it would not defeat a recovery. This proximate cause is such an act or series of acts of negligence which proximately contributes to an injury, when without such act or series of acts injuries would not have been inflicted. Proximate cause is not necessarily the last or nearest act to injuries inflicted, but it must be a concurring cause such as reasonably might have been contemplated as producing the result. Murray v. G., C. & S. F. Ry. Co., 73 Tex. 7, 11 S. W. 125; Gonzales v. City of Galveston, 84 Tex. 7, 19 S. W. 284, 31 Am. St. Rep. 17.

It will thus be seen that, while we think the charge of the court was substantially correct except in the particulars above mentioned, yet nevertheless it was deficient in failing to present to the jury the principles of law applicable to this character of cases, and for that reason we have deemed it best to discuss them at a greater length than we otherwise would.

[18, 19] All the material facts save the amount of damages recoverable by the several plaintiffs, if any, to be determined by the jury, have reference to the question whether there was or was not negligence by the defendant alone or by the plaintiffs as well as defendant. If the defendant was guilty of negligence, he would be liable to the plaintiffs in some amount of damages, provided the plaintiffs themselves did not contribute to the injuries inflicted by some negligent act or acts committed by them; and of course, if the defendant was not guilty of any negligence, the plaintiffs could not in that event recover. These questions of fact must be determined by the jury under proper instructions from the court as to the law applicable thereto, elucidated by what we have heretofore said.

[20, 21] The plaintiffs complain of the action of the trial court in excluding from the consideration of the jury the evidence of the witness Calvert, to the effect that the defendant, while under arrest, told him that he shot to kill, but did not tell him anything about having shot in self-defense, or having shot in defense of his family, or having seen the lights from the car driven by plaintiffs shining on the porch, or about the plaintiffs having stopped the car near defendant's residence, or having seen a strange man on the premises. The court apparently excluded this testimony on the ground that, had the trial involved a criminal charge, the acts and declarations of the defendant would not have been admissible while under arrest. Inasmuch as this is a civil action, what the defendant may have said about the transaction which is of a material nature would be admissible in evidence against him, as for instance that he made the declaration that he shot to kill. However, we know of no rule of law that would permit a witness to testify that the defendant did not say this, that, or the other thing about the transaction while riding along in an automobile casually discussing it. Had the defendant proposed to make a formal and complete statement of the transaction, and, after having done so, had omitted to mention the matters of which inquiry was made as above stated, proof of such omission might have been material. It is a rule of law that, where a person remains silent when he is called upon to speak, proof of this fact can be made. But no such sit-

uation is presented by the testimony excluded. We therefore are of the opinion that the witness Calvert might have been permitted to state what the defendant told him while under arrest with reference to the transaction under discussion, but do not think that what he did not tell him would be admissible.

We are also of the opinion that the testimony of the witness Brasier as to what one Clark told him should have been excluded, since the declarations of Clark were unknown to the defendant at the time he acted and therefore could not have influenced him in his action.

[22] The Court of Civil Appeals having found that the jury was guilty of misconduct, and no assignments having been presented questioning the correctness of this holding of the Court of Civil Appeals, the judgment of the district court of necessity must be reversed, and the cause remanded on this ground. We have discussed the other matters with the view of indicating the principles of law applicable to the testimony, with the view of aiding the trial court upon another trial in framing its charge so as to present the law of the case and enable the jury to pass upon the questions of fact in the light of proper instructions.

We therefore recommend, in accordance with the judgment of the Court of Civil Appeals, that the judgment of the district court be reversed, and the cause remanded for a new trial.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.