**TEXAS & NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**E. H. ARNOLD, Appellee.**

No. 6536.

Court of Civil Appeals of Texas.

Beaumont.

June 25, 1964.

Rehearing Denied July 22, 1964.

Baker, Botts, Andrews & Shepherd, Mc-Gregor, Sewell & Junell, Houston, for appellant.

Helm, Jones, Pletcher & Winkelman, Houston, Cam Harrell, Conroe, for appellee.

HIGHTOWER, Chief Justice.

This is an action brought for damages under the Federal Employers' Liability Act. Trial was before a jury, and judgment was for plaintiff upon the answers of the jury to the special issues.

■ We first pass upon appellee's motion to strike bills of exception, statement of facts and transcript and to dismiss this appeal. It is contended the record was not filed in this court within the time prescribed by the Rules of Civil Procedure. The precise point to be passed upon is whether Rule 329–b, Texas Rules of Civil Procedure, was complied with—Paragraph 3 and a part of Paragraph 4 of Rule 329–b read as follows:

"3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed.

"4. It shall be the duty of the proponent of an original or amended mo-

tion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. Such delayed hearing shall not operate to extend the time within which the original or amended motion must be determined, unless such time be extended by agreement as provided for in the. preceding subdivision of this Rule. * * *"

The agreed facts in this case show that the attorneys for appellee and appellant in open court agreed to an extension of time for the court to determine the motion for new trial. The statement of facts reveals the following transpired, Mr. Sewell representing the appellant, and Mr. Jones the appellee:

"Mr. Sewell: Is it agreed the Court can sign an order extending the time until next Saturday?

"Mr. Jones: We certainly want to accomodate the Court.

(Discussion off the record.)

"Mr. Sewell: Let the record show that pursuant to agreement of both sides, the Court has extended the time for determination of the motion which was represented this morning to and including Saturday, September the 30th, 1961."

Appellee argues that this does not comply with the requirements of 329–b that this postponement is not a written agreement and was not filed with the clerk of the court. We hold that the agreement in open court together with the dictation of the agreement to the court reporter is compliance with Rule 329–b. Texas Employers' Ins. Ass'n v. Martin, 162 Tex. 376, 347 S.W.2d 916, indicates Rule 329–b must be read in the light of the portion of Rule 11, T.R.C.P., which provides for an agreement to be made in open court and be entered of record. The motions are denied.

Relative to appellant's points of error 1–5, the appellee alleged in his petition that the appellant failed to furnish the appellee a reasonably safe place to do his work and failed to provide suitable equipment and appliances for the work. Appellant specially excepted to these allegations of negligence as being too general, vague and indefinite, which exception was overruled by the trial court.

The jury found in answer to Issues 1 and 3 that appellant failed to furnish appellee a reasonably safe place in which to do his work, and failed to furnish appellee suitable equipment to stand on in doing the type of work he was doing and that each was a proximate cause of the occurrence made the basis of the suit. The jury found favorably to .appellee on all of the contributory negligence issues, and that the appellee's fall was not the result of an unavoidable accident.

The appellant complains of the trial court's action in overruling its special exception to the general pleading of negligence, and in submitting the issues of negligence, and proximate cause in such general manner.

■ If this had been a common law action for damages, there is no doubt but that appellant would have been correct in its position. But, we are convinced the Supreme Court of the United States would hold the pleadings and the special issues to be sufficient for a suit brought for recovery under the F.E.L.A. It is said in Brown v. Western Ry. Co. of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 109:

"Strict local rules of pleading cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal laws. 'Whatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of Federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice.' Davis v. Wechsler, supra, 263 U.S. at page 24, 44 S.Ct. at

page [13] 14, [68 L.Ed. 145]. Cf. Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745. Should this Court fail to protect federally created rights from dismissal because of over-exacting local requirements for meticulous pleadings, desirable uniformity in adjudication of federally created rights could not be achieved. See Brady v. Southern R. Co., 320 U.S. 476, 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 [242]." And see Arnold v. Panhandle & S.F. RR. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889.

In view of these and other Supreme Court cases, we are impelled to the conclusions that a plaintiff in a F.E.L. case cannot be required to plead more specifically. Moreover, all that is required by Rules 45 and 47, T.R.C.P., is that the pleadings reasonably apprise the defendant of the grounds upon which plaintiff seeks to recover. We think appellee's pleadings sufficiently conform to this rule in view of the fact that appellant and its agents were charged with knowledge of the tools and equipment with which appellee was furnished to perform his work. Appellant's Safety Rule No. 4149, hereinafter more fully alluded to, specifically forbade the use of stepladders in the performance of the type of work appellee was engaged in when injured. The only tools in use at the time of the accident were a wrench and the stepladder. What would further it have availed appellant, who was charged with such knowledge, had appellee specifically plead that such appliances were the tools which were unsuitable to stand on or to perform the work in which he was engaged? Appellant's contentions are overruled.

■ In connection with its 6th and 7th points, the court, in its charge to the jury, defined "reasonably safe place to work" and "suitable equipment to stand on" as "such a place and equipment as an ordinarily prudent railroad company would have furnished its employees under the same or similar circumstances." Objection to these definitions was on the basis that they did not embrace the standard of care of an ordinarily prudent person in the exercise of ordinary care, thus constituting a comment upon the weight of evidence and leading the jury to believe that there was some standard of care imposed upon railroads different from that involved in the standard of care of ordinarily prudent persons.

The points are without merit. As stated by appellee in its brief, the court's charge in such respect is more favorable to appellant than it should have been. It has been consistently held that the standards or customs of a particular enterprise might themselves be negligent because they did not rise to the standard of the ordinarily prudent person. Ordinary care may be something above and beyond the customs and standards ordinarily incident to the organization or a given business. We doubt that it can ever be less than the standards of care ordinarily exercised therein. Since the jury was required to measure the conduct of appellant in respect to the railroad industry, it is in no position to complain. If it exercised less care than was exercised by reasonably prudent railroad companies, it was guilty of negligence. That similar instructions have not been found erroneous see Taylor v. White, 212 S.W. 656 (Com. App.1919, judg. adopted); Texas Coca-Cola Bottling Co. v. Kubena, 109 S.W.2d 1098 (n.w.h. Civ.App.1937); Houston & T. C. R. Co. v. Alexander, 103 Tex. 594, 132 S.W. 119, (1910); San Antonio St. Ry. Co. v. Caillonette, 79 Tex. 341, 15 S.W. 390; (1891).; Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249 (1943).

Appellant's 8th point complains of the court submitting special issue No. 3 to the jury, inquiring as to whether defendant failed to furnish plaintiff suitable equipment to stand on. As hereinbefore observed, the court's charge consisted of only two primary issues inquiring as to the conduct of the defendant. Special issue No. 1 (and the corollary proximate cause special issue No. 2) inquired as to "whether the defendant failed to furnish plaintiff a reasonably

safe place in which to do his work." Special issue No. 3 (and the corollary proximate cause special issue No. 4) inquired as to "whether defendant failed to furnish plaintiff suitable equipment to stand on in doing the type of work he was doing." Therefore, appellant contends that the submission of special issue No. 3, when considered in connection with the court's submission of "reasonably safe place to work" in special issues 1 and 2, constituted a dual submission of this theory of appellee's case, in that in considering special issues 1 and 2 the jury would have, of necessity, considered the question inquired about in special issue No. 3, thus constituting an over-emphasis of this theory of recovery and in such sense constituting a comment upon the weight of the evidence, and would permit the jury to make an affirmative answer to said issue on the basis of the same evidence.

■■ The point is overruled. An employer subject to the Federal Employers' Liability Act has the duty of providing its employees with a reasonably safe place in which to work and with safe tools and appliances with which to do said work. Appellee had the right to have an inquiry submitted to the jury with respect to a breach of each of these duties. Moreover, appellant has failed to demonstrate that the action of the trial court resulted in reversible error. T.R.C.P. 434; Tripp v. Watson, Tex.Civ.App., 235 S.W.2d 677.

Appellant's 9th point urges error of the court in refusing to declare a mistrial because of the following argument made to the jury by appellee's counsel:

"I am going to tell you that you have made up your minds now about this thing, I believe, and I believe that you want to do, everyone of you, just like you said you wanted to do when you got on this jury, that you want to do the right thing, and the only way I can tell you that you can do the right thing in this case to my way of thinking is to get in there and say, I heard all this stuff read in this answer, all

this about what this boy, if he had held it this way it wouldn't have happened, or if he had held it this way it wouldn't have happened, or if he got in between it wouldn't have happened, or which way you decide, whichever you go, and all that business, that's all these 5 thru 21 are, and *their only hope is to get you to answer one or two of these things against the way Cam Harrell says the evidence directs you to answer them. Otherwise, school is out. Do I make myself plain folks?* And thank goodness we had the blackboard and can get it back there, 1 thru 4 'We do', and the Foreman, this is important, 5 thru 21 'We do not'." Emphasis added)

At the conclusion of the argument but after the jury had retired, appellant moved the court to declare a mistrial because of the misconduct of counsel for appellee in making such argument in that such argument was made for the deliberate purpose of informing the jury as to the effect of its answers to various special issues.

■ Although we do not condone all statements contained in such argument, we do not believe that it constituted reversible error. Even if the argument wasn't proper, its harmful effect could have been cured by appropriate instruction from the trial judge. No such instruction was requested by appellant. Accord: Younger Bros. Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546, S.Ct.; Texas & N. O. R. Co. v. McGinnis (Com. App., opin. adopted), 109 S.W.2d 160; Household Furniture Co. v. Storrie, Tex. Civ.App., 292 S.W. 612.

■ Appellant's 10th point relates to the refusal of the trial court to instruct the jury to disregard the following argument by Mr. Helm, one of appellee's attorneys:

"In the first place, I don't take a case unless I think it is a sound, true, just, honest case, and I don't have to go out and dig up dirt on the doctors on the other side or *some practices of the rail-*

*road that I do not like.* I don't believe at this stage in my life, after thirty-two years of representing injured people, and I was a pioneer in this law practice, when I started out, *an injured man couldn't get a fair trial. They put pressure on every juror through his employer; they put pressure on every witness that came up to the stand and everything else."* (Emphasis added.)

In view of the following colloquy which occurred between the court and counsel in the presence and hearing of jury, we do not believe that such argument constituted reversible error and the point is overruled.

"Mr. Sewell: I don't know what Mr. Helm is talking about, Judge, but there is no evidence in this case—

Mr. Helm: I'm not saying you do it, Ben. The only thing I'm talking about is how it used to be.

Mr. Sewell: We think it is highly improper and we ask that—

The Court: Just a minute.

Mr. Sewell: —the Court instruct the jury to disregard it.

The Court: *It is his deductions.* Overruled.

Mr. Sewell: Note our exception.

Mr. Helm: I'm certainly not saying that Mr. Sewell would be a party to a thing like that. I am saying that we now have a free courthouse and a free trial system."

Accord: Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Moncada v. Snyder, 137 Tex. 112, 152 S.W.2d 1077; Brewer v. Dallas Ry. & Terminal Co., Tex.Civ.App., 247 S.W.2d 435; Greeson v. Texas & Pacific Ry. Co., Tex.Civ. App., 310 S.W.2d 615 (writ ref., n. r. e.).

By its 11th point appellant complains of appellee's argument to the jury that " * * * a railroad employee case is in a special group of cases. * * * they are a specialized group of cases that, be-

cause of the danger involved in railroad work that [because] railroad employees are subjected to greater than the ordinary worker, our government in its wisdom under the Federal Employers' Liability Act * * *."

This was plainly an improper attempt by appellee's counsel to instruct the jury as to the law of the case. However, upon appellant's objection to such effect, the court instructed appellee's counsel not to go any further into it. Appellant is simply complaining of the unobtained objective of appellee to instruct the jury on a matter of law which, in effect, the trial court prevented. The point is overruled.

By points of error 12–18, as under its points of error 6 and 7, appellant again attacks the action of the court in submitting special issues 1 and 3. It urges error of the court in refusing to enter judgment n. o. v. in its behalf because there was no finding of primary negligence; because said issues did not constitute a proper submission of negligence and placed a more onerous duty on appellant than required by law; because the definitions in the court's charge of "reasonably safe place to work" and "suitable equipment to stand on" were not re-phrased to include the consideration of an ordinarily prudent railroad company "in the exercise of ordinary care"; and because said definitions did not include an instruction permitting the jury to consider the conduct of an ordinarily prudent person in the exercise of ordinary care.

We do not consider these contentions tenable. We pretermit discussion of them except to state that essentially they are the same contentions raised by appellant under its 6th and 7th points hereinbefore disposed of.

Relative to appellant's 19th point of error, the appellee had offered in evidence appellant's Safety Rule No. 4149, reading in part as follows:

"Some work, such as washing windows, in buildings can be best done from stepladders, but before each use be sure

to open fully and securely set the spreaders. However, use of stepladders for all locomotive and car work is forbidden."

Appellee then proceeded to testify that his superiors had never told him "he oughten to be violating the Rule 4149"; that the rule was not being enforced and that he was put in the position where he could not keep from violating the rule "because we only had the ladder". Appellant urges error of the court in refusing to permit the superintendent of its mechanical shops in Houston where appellee was employed to testify to the effect that such rule, to his knowledge, had never been interpreted to forbid the use of stepladders of the type being used by the appellee in connection with doing the type of work which he was doing and that he had never received any complaints from any of his superiors that the use of this type of ladder for such work constituted a violation of said rules. It specifically urges that said rule was ambiguous in that it could be interpreted to mean that stepladders must not be used for *any* work on locomotives or that it could mean that stepladders may be used for some, but not for *all* work on locomotives.

■ We are of the opinion that the court correctly sustained the objection to such testimony that "The rule is plain and speaks for itself." We hold that said rule does not admit of construction or interpretation and that in the light of the record before us, the excluded testimony was immaterial and irrelevant. The point is overruled.

By its 20th point appellant complains of the court's refusal to grant a new trial, because the award of damages in the amount of $90,000.00 was so grossly excessive as to indicate mistake, bias, prejudice or other improper motive

There is voluminous testimony from experts as to the extent and duration of appellee's injuries and the pain and mental anguish suffered. As usual, this testimony is conflicting. Viewing such evidence in the light most favorable to the verdict, we cannot say that the damage award was excessive. All the testimony simply presented a question of fact for the jury to resolve. We might add that on the date of appellee's injury he was 27 years of age with a life expectancy of 40.36 years, drawing wages of approximately $450.00 a month for a 40 hour week. Of course, we have considered the extensive testimony concerning appellee's pain and suffering. The point is overruled.

By its 21st and 22nd points, appellant urges that there was no evidence to support the jury's findings to special issues 1–4 (failure to provide reasonably safe place to work and suitable equipment to stand on) and that the jury findings exonerating appellee from any contributory negligence are without support in the evidence or are contrary to the overwhelming weight and preponderance of the evidence. Appellant recognizes the generality of these last two points of error, as do we.

There is extensive evidence in the record which supports the jury's answers to special issues 1–4 which would unduly extend this opinion by setting it out. In regard to appellant's "no evidence" point relative to special issues 1–4, we have hereinbefore, in treating appellant's 19th point of error, set out and alluded to the introduction by appellee of appellant's Safety Rule No. 4149. The violation of this rule vel non was a matter for the jury's determination. They could have determined that there was indeed a violation by appellant's failure to furnish equipment other than a stepladder for appellee to stand on in doing his work, such as a platform. Such violation alone would be probative evidence to support the special issues relative thereto. There was ample evidence to support the jury's findings both as to those issues and contributory negligence, and other evidence in the record does not preponderate to the contrary. Moreover, if appellant's acts or omissions contributed in any degree to appellee's injuries, it is immaterial if appellee's acts or omissions may have contributed to some extent to his injuries. Rogers v. Missouri

Pacific RR. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.

Though appellant has assigned no specific point of error to the effect that the cumulative errors of the trial court caused the rendition of an improper judgment in the case, the tenor of its contentions in its brief as a whole indicates that it is of the opinion. Such contentions are overruled.

Judgment affirmed.