October 22, 1956.

No. 339.   Gibson v. Phillips Petroleum Co. █

*Per Curiam:* The peti-
tion for writ of certiorari is granted.   The judgment of
the Court of Appeals is vacated and the judgment of the
District Court is reinstated.   Mr. Justice Reed and Mr.
Justice Burton would deny certiorari.   Mr. Justice
Frankfurter has filed a dissent in which Mr. Justice
Harlan joins.   *Henry D. Akin, Jr.* for petitioner.   *Ray-
burn L. Foster, Harry D. Turner* and *William L. Kerr*
for respondent.

Mr. Justice Frankfurter, whom Mr. Justice
Harlan joins, dissenting.

This is an ordinary suit for damages for injuries claimed
to have been caused by defendant's fault.   Doubtless
hundreds upon hundreds of such suits are constantly
brought in the state courts of Texas.   This suit is brought
in a federal court because the plaintiff is a citizen of
Texas and the defendant corporation is, in the eyes of the
law, a citizen of Delaware.   The federal court in a case
like this is deemed to be a state court of Texas,* and the
law by which the plaintiff's rights are to be determined
is exclusively Texas law.   *Erie R. Co.* v. *Tompkins,* 304
U. S. 64.   No federal law, statute or decisional, is re-
motely involved.   These diversity litigations place, it is
becoming increasingly recognized, an undue burden upon
the federal courts in their ability to dispose expeditiously
of other litigation which can be properly brought only in

---

*". . . a federal court adjudicating a State-created right solely
because of the diversity of citizenship of the parties is for that pur-
pose, in effect, only another court of the State . . . ." *Guaranty
Trust Co.* v. *York,* 326 U. S. 99, 108.

the federal courts. Very often litigants in the position of the plaintiff bring a suit involving merely local law in a federal court because for one reason or another they expect a more favorable outcome than if the suit were tried in the local courts. See *Lumbermen's Mutual Casualty Co.* v. *Elbert,* 348 U. S. 48, 53 (concurring opinion).

This case was tried before a jury, which found for the plaintiff. Defendant appealed to the Court of Appeals for the Fifth Circuit. While the particular judges who heard the case are not from Texas, they are, however, constantly charged in such cases as this with the task of being conversant with, and applying, Texas law. The Court of Appeals held that, as a matter of Texas law, the District Court committed error in not directing a verdict for the defendant. It reversed the judgment of the District Court and rendered judgment for the defendant. Plaintiff then sought a writ of certiorari to review the judgment of the Court of Appeals.

This Court cannot determine whether the Court of Appeals was right or wrong in its judgment without determining whether on this record the case should or should not have been left to the jury. That can only be decided on the basis of an investigation of Texas law. This Court is not a court to determine the local law of the forty-eight States. Error on the part of a Court of Appeals in applying the local law of any one of the forty-eight States involves injustice to a particular litigant, whether it is a personal injury case or any other case. If the claim of injustice in a particular case arising solely out of diversity jurisdiction justifies review by this Court, it justifies it in every case in which on a surface view of the record this Court feels a Court of Appeals may have been wrong in its ascertainment of local law.

In taking one of these cases, encouragement doubtless is given to seek this Court's review in other like cases.

But Congress sought to relieve this Court of the burden of such cases when it established the Courts of Appeals in 1891. This Court has respected the purpose of that enactment by stating again and again that it does not sit to correct errors, even a plain error, in a particular case, especially one involving a local controversy of this sort. The Supreme Court of the United States is designed for important questions of general significance in the construction of federal law and in the adjustment of the serious controversies that arise inevitably and in increasing measure in a federal system like ours. These questions are more than sufficient in volume and difficulty to engage all the energy and thought possessed by the Court; it should not be diverted by the correction of errors in local controversies turning on particular circumstances.

The Court's consideration of a case like this and the encouragement given for similar demands upon the Court are, in my deep conviction, so inimical to the effective discharge of the true functions of this Court that I cannot abstain from expressing my dissent from the Court's entertainment of the petition for certiorari.