## ARNOLD v. PANHANDLE & SANTA FE RAILWAY CO.

No. 240. Argued April 24–25, 1957.—Decided May 13, 1957.

*James O. Bean* argued the cause for petitioner. With him on the brief was *Henry D. Akin, Jr.*

*Charles L. Cobb* argued the cause for respondent. With him on the brief was *Preston Shirley.*

PER CURIAM.

We hold that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury. *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500; *Webb* v. *Illinois Central R. Co.,* 352 U. S. 512; *Ferguson* v. *Moore-McCormack Lines,* 352 U. S. 521; *Shaw* v. *Atlantic Coast Line.R. Co.,* 353 U. S. 920; *Futrelle* v. *Atlantic Coast Line R. Co.,* 353 U. S. 920; *Deen* v. *Gulf, Colorado & Santa Fe R. Co.,* 353 U. S. 925; *Thomson* v. *Texas & Pacific R. Co.,* 353 U. S. 926. The jury's general verdict, that the respondent negligently contributed to the petitioner's injury, has support in the testimony of witnesses justifying the inference that the passageway as used was not a safe place for the petitioner to work while performing his assigned duties. The special issues claimed to be in conflict with this finding concerned alleged negligence only in the

operation and presence of the truck on this passageway. But even if the rule announced by the Court of Civil Appeals controlled, as we see it these answers present no square conflict. The findings on these special issues do not exhaust all of the possible grounds on which the prior unsafe-place-to-work finding of the jury may have been based. Hence all of the findings in the case might well be true insofar as the record indicates. The petitioner having asserted federal rights governed by federal law, it is our duty under the Act to make certain that they are fully protected, as the Congress intended them to be. We therefore cannot accept interpretations that nullify their effectiveness, for ". . . the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis* v. *Wechsler,* 263 U. S. 22, 24. See *Dice* v. *Akron, Canton & Y. R. Co.,* 342 U. S. 359; *Brown* v. *Western R. Co.,* 338 U. S. 294. The judgment of the Court of Civil Appeals is reversed and the case is remanded.

*Reversed and remanded.*

MR. JUSTICE FRANKFURTER, dissenting.

I would dismiss the writ as improvidently granted for the reasons set forth in my dissent in *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500, 524. Insofar as review of the decision of the Texas court involves the question of an inconsistency between the general verdict and the special findings on the central issue of negligence, the inappropriateness of granting certiorari to re-examine the record is glaringly emphasized.

MR. JUSTICE HARLAN, whom MR. JUSTICE BURTON and MR. JUSTICE WHITTAKER join, dissenting.

As this case presents a different situation from that involved in other negligence cases which, in increasing numbers I regret to say, have been passed on by this Court

during the current Term,[1] I am constrained to write a few words in explanation of my dissent, beyond the views expressed in my dissenting opinion in *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500, 559.

This case involves more than the problem of the sufficiency of the evidence to support a jury verdict. Under Texas procedure, the trial court in this case required the jury to bring in a general verdict on the issue of whether the respondent had negligently failed to furnish petitioner with a safe place to work, and, if so, whether such failure was a contributing cause to the accident. The jury was also asked to make findings on special issues put to it by the court. The jury's general verdict was favorable to the petitioner, but its findings on the special issues were in favor of the respondent, and, as I see them, were wholly inconsistent with the general verdict.[2] In these

---

[1] *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500; *Webb* v. *Illinois Central R. Co.*, 352 U. S. 512; *Herdman* v. *Pennsylvania R. Co.*, 352 U. S. 518; *Ferguson* v. *Moore-McCormack Lines, Inc.*, 352 U. S. 521; *Gibson* v. *Phillips Petroleum Co.*, 352 U. S. 874; *Johnson* v. *Union Pac. R. Co.*, 352 U. S. 957; *Shaw* v. *Atlantic Coast Line R. Co.*, 353 U. S. 920; *Futrelle* v. *Atlantic Coast Line R. Co.*, 353 U. S. 920; *Deen* v. *Gulf, C. & S. F. R. Co.*, 353 U. S. 925; *Thomson* v. *Texas & Pac. R. Co.*, 353 U. S. 926.

[2] Petitioner, respondent's car inspector, sued to recover for injuries sustained while he was inspecting railroad cars in a passageway ten feet wide, having been struck by a truck backing into the same passageway. He alleged that the respondent had negligently failed to provide him with a safe place to work by (1) not warning petitioner of the truck; (2) not protecting petitioner while he was working in the passageway; (3) allowing the truck to be driven into the passageway; and (4) failing to see that the truck was not driven negligently. As to the special issues the jury found: (1) there was no negligence in failing to warn the petitioner of the truck; (2) there was no negligence in allowing the truck to be driven onto the passageway while the petitioner was working there; (3) there was no negligent failure on the part of the respondent to keep a proper lookout; (4) there was no negligent failure on the part of the truck driver to keep a proper lookout; (5) there was no negligence in failing to give a warn-

circumstances the state appellate court, applying Texas law, held that the general verdict must yield to the inconsistent findings on the special issues, and that the trial court should have entered judgment for the respondent.

I am unable to see any valid basis for this Court's action in upsetting this state judgment. Clearly, it seems to me, the Texas procedural rule which the Court of Civil Appeals applied in resolving the head-on collision in the jury's verdict did not subvert assertion of the federal rights established by the Federal Employers' Liability Act. Compare *Brown* v. *Western R. Co.*, 338 U. S. 294. Nor, in my opinion, can it be said that resolving these inconsistencies, in accordance with this local rule of practice, deprived the petitioner of any substantive right given him by the federal statute. Compare *Dice* v. *Akron, C. & Y. R. Co.*, 342 U. S. 359. Indeed, the procedural rule applied by the Texas court is identical with that which would have been applicable, in the same circumstances, had this case been tried in a federal court. See Fed. Rules Civ. Proc., 49 (b).

I would affirm.

---

ing before backing up the truck; (6) there was no negligence in backing the truck into the passageway; (7) the truck did not back too close to the tracks, did not back up too fast, and was not negligently driven without adequate visibility; (8) petitioner did not move into the path of the truck "when such movement could not be made with safety"; and (9) petitioner failed to keep a proper lookout for the truck, and this failure was a cause of the accident, though not the sole cause.

I do not understand how it could be claimed that these findings were not inconsistent with the general verdict. Indeed, every specific allegation of negligence set forth in petitioner's complaint was rejected by the jury. And, as I see it, every factual basis on which a finding could be based that respondent had negligently failed to provide petitioner with a safe place to work was rejected by the jury. All that remains to show that the passageway was a dangerous spot is the fact that the accident occurred there—something which, until now, I have never supposed could be equated with negligence.