**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Aubrey Lee LITTLE, Appellee.**

No. 13343.

Court of Civil Appeals of Texas.

Houston.

Dec. 18, 1958.

Rehearing Denied Jan. 8, 1959.

Howard S. Hoover, Carroll R. Graham, Houston, Woodul, Arterbury & Wren,

Hutcheson, Taliaferro & Hutcheson, Houston, of counsel, for appellant.

Shirley M. Helm, Albert P. Jones, Mabel G. Howell, Helm, Jones, McDermott & Pletcher, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from an order of the 80th Judicial District Court of Harris County, Texas, overruling appellant's plea of privilege to remove the cause to McLennan County, Texas.

On the hearing of the plea, it was stipulated by the parties that on December 2, 1956, appellee, Aubrey Lee Little, while in the course of his employment for appellant, Missouri Pacific Railroad Company, a Missouri corporation, sustained personal injuries in the yards of appellant in McLennan County. At such time appellee was a resident citizen of McLennan County and his injury occurred while he and appellant were engaged in interstate commerce. It was further stipulated that the cause of action made the basis of this suit arose under and is governed by the Federal Safety Appliance Acts and the Federal Employers' Liability Act, Title 45, U.S. C.A., §§ 1–16, § 51 et seq. The admissions made by appellant in reply to appellee's request for admissions of relevant facts are included as a part of the stipulation without being copied therein. We need not set out the admissions in full. It suffices to say that appellant admitted that it had an office and place of business in the City of Houston, Harris County, Texas, and was and is doing business in Harris County. It was further admitted that at such time appellant was a common carrier by railroad in the states of Texas and Missouri, and that it maintained yards in the town of Mart, McLennan County, Texas.

Appellant contends that the cause should be transferred on its plea of privilege to McLennan County since the venue of the suit is governed by Subdivision 25 of Article 1995, Vernon's Annotated Texas Civil Statutes, which reads as follows:

"25. Railway personal injuries.— Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this State, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury. If the defendant railroad corporation does not run or operate its railway in, or through, the county in which the plaintiff resided at the time of the injury, and has no agent in said county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent. When an injury occurs within one-half mile of the boundary line dividing two counties, suit may be brought in either of said counties. If the plaintiff is a nonresident of this State then such suit shall be brought in the county in which the injury occurred, or in the county in which the defendant railroad corporation has its principal office. As amended Acts 1947, 50th Leg., p. 104, ch. 71, § 1."

Appellee, on the other hand, contends that venue is controlled by Section 56 of Title 45 U.S.C.A., or, in the alternative by Sec. 30 of Article 1995, Vernon's Annotated Texas Civil Statutes. He has, however, apparently abandoned his contention that Section 30 of Article 1995 has any material application in the determination of the question involved in this suit. Appellee concedes that if the venue of this suit is governed by Subdivision 25 of Article 1995, V.A.T.S., it should be transferred to the District Court of McLennan County.

In the case of Lewis v. Gulf, Colorado & S. F. Ry. Co., Tex.Civ.App., 229 S.W. 2d 395, decided by this Court, writ dismissed, an employee of Gulf, Colorado & S. F. Ry. Co. who was injured while working in the course and scope of his employment in Hardin County, Texas, the county of his residence, through which said railroad operated and did business, undertook to sue in Galveston County, Texas, on the ground that the principal office and place of business of the defendant was in that county. The Court held that Subdivision 25 of Article 1995, V.A. T.S., was mandatory, and that the suit had to be prosecuted in Hardin County.

We need not discuss further the decisions of the Texas courts holding that Subdivision 25 of Article 1995 is mandatory, especially since appellee concedes that the case would have to be transferred to McLennan County in the event venue is not controlled by Sec. 56 of Title 45 U.S. C.A., which reads as follows:

"No action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

It is perfectly obvious that in the first sentence of the second paragraph of Section 56 the Congress was undertaking to establish the venue of suits under the Federal Employers' Liability Act brought in *"a district court of the United States."* (Emphasis supplied.) Nothing is said concerning the venue of an action that is brought in a state court.

The legal doctrine that the clear expression of the one excludes the other is so ancient that it comes down to us in the time-honored maxim "expressio unius est exclusio alterius."

After prescribing venue in the United States courts, Section 56 then provides, "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States." This provision is concerned with jurisdiction, not venue.

In Baltimore & Ohio Railway Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, the petitioner, an interstate railroad, brought suit in the Court of Common Pleas of Hamilton County, Ohio, against Kepner, an injured resident employee, to enjoin his continued prosecution of a suit in the United States District Court for the Eastern District of New York under the Federal Employers' Liability Act for his personal injuries. The petitioner was doing business in the district where the damage suit was filed. The accident occurred in Butler County, Ohio, a county adjacent to that of Kepner's residence, through both of which counties petitioner's railroad ran. The United States Supreme Court held that a state could not validly exercise its equitable jurisdiction to enjoin a resident of the state from prosecuting a cause of action arising under the Federal Employers' Liability Act in the federal court of another state where the Act conferred venue, since under the supremacy clause the venue section of the Act was controlling.

Under the decision in the Kepner case, a state court may not interfere with the venue of the federal court as prescribed in Sec. 56 by enjoining one of its citizens from prosecuting a cause of action arising under the Federal Employers' Liability Act in a federal court of another state in which the railroad is doing business at the time of commencing such action. This decision is irrelevant to the present inquiry except for the very pertinent language used by

the Supreme Court at page 9 of 62 S.Ct., where it is said: *"Section 6 (45 U.S.C.A. § 56) establishes venue for an action in the federal courts."* (Emphasis ours.)

In Miles v. Illinois Central R. Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, an interstate railroad brought an original bill in the Chancery Court of Shelby County, Tennessee, seeking to enjoin one of the petitioners, Mrs. Miles, then the Tennessee administratrix of her husband, a resident of that state, from further prosecuting in a Missouri state court her Federal Employers' Liability Act claim against the Railroad for the death of her husband, its employee. The fatal accident occurred in Memphis, Tennessee. The court held that a Tennessee State Court could not, in view of the provision of the Act giving state and federal courts concurrent jurisdiction, enjoin a Tennessee citizen from suing on a claim in Missouri State Courts.

At page 830 of 62 S.Ct., Mr. Justice Reed, in delivering the opinion of the Court, referred to the legislative history of Section 6, and made this significant statement:

"Words were simultaneously adopted recognizing the jurisdiction of the state courts by providing that the federal jurisdiction should be concurrent. *The venue of state court suits was left to the practice of the forum."* (Emphasis ours.)

Under the decision in the Miles case a state court may not enjoin one of its resident citizens from prosecuting a cause of action arising under the Federal Employers' Liability Act in a state court of another state in which the defendant railroad is doing business at the time of commencing such action. That is all the Miles case holds. It does not hold that venue of the action in the state court where the damage suit is filed cannot be controlled by that state. It certainly does not hold that venue cannot be controlled by the state in which the damage suit is brought, and where the injury occurred and the employee resides.

Indeed, the statements of the Supreme Court of the United States indicate just the contrary. Of course, there can be no interference with the jurisdictional right of the employee to bring his suit as a transitory cause of action in any state in which the defendant railroad does business and there can be no discrimination in the matter of venue between suits under the Federal Employers' Liability Act and other suits. The state laws must be impartially administered. There can be no question that the State of Texas and its courts administer and enforce Sec. 25, Article 1995, Vernon's Annotated Texas Civil Statutes, prescribing venue in suits brought against a railroad, impartially and without discrimination between Federal Employers' Liability Act cases and other cases in which a railroad is sued, whether such cases are interstate or intrastate.

Since appellee is asserting a right under the Federal law, it is our duty fully to protect him, as the Congress intended him to be. The state law of Texas which requires a suit against a railroad to be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of his injury, and which further provides that if the defendant railroad corporation does not run or operate its railway through the county in which the plaintiff resided at the time of the injury, and has no agent in such county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road or has an agent, fully protects the plaintiff and does not in any way deprive him of any right given him by the federal statute.

We grant that the state cannot defeat the effective enjoyment of a federal right given a citizen by a technical or local procedural device, but this rule has no application where no legal right is either defeated or curtailed. In the instant case the

railroad operates both in McLennan County and in Harris County. There can be no conceivable reason why the state should not have the right in such case to prescribe the venue governing the prosecution of such suit. It is clear that the Congress intended that the state should have such right.

Section 1404 of Title 28 U.S.C.A., provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. This section does not employ the language of Sec. 56 and limit its application to *district courts of the United States*. Nevertheless, the Supreme Court of the United States has held that it applies only to suits filed in the United States courts. We point this out for it shows that even when the Federal Employers' Liability Act suit is brought in the federal court, the employee does not have an unrestricted choice of forum since his suit is subject to transfer by the court. Since we do not have the doctrine of forum non conveniens in Texas and Sec. 1404 of Title 28 U.S.C.A., does not apply to state courts, our courts may not transfer causes of action except in compliance with statutory provisions governing venue of causes of action in this State. We think it probable that had not Congress understood that these cases would be governed by State Venue Statutes, Sec. 1404 would have been so written as to include suits filed in state courts.

In State of Missouri ex rel. Southern Ry. Co. v. Mayfield, 1950, 340 U.S. 1, 71 S.Ct. 1, 3, 95 L.Ed. 3, the United States Supreme Court held that the State of Missouri cannot allow suits by nonresident Missourians for liability under the Federal Employers' Liability Act arising out of conduct outside that state and discriminatorily deny access to its courts to a nonresident who is a citizen of another state. This decision is based upon not only the Federal Employers' Liability Act but also the Constitution of the United States, Article IV, Sec. 2, which would prevent such discrimination.

It also held that the state court "should be freed to decide the availability of the principle of forum non conveniens in these suits according to its own local law," where the accident occurred out of the state and neither the plaintiff nor the defendant was a resident of the state. If a state under such circumstances can refuse to entertain the action, a fortiori should it have the right to regulate by state law the venue of the action within the state where there is no discrimination against cases under the Federal Employers' Liability Act.

We quote from the opinion of Mr. Justice Frankfurter in the Mayfield case at pages 2 and 3 of 71 S.Ct., as follows:

> "But if a State chooses to '[prefer] residents in access to often overcrowded Courts' and to deny such access to all nonresidents, whether its own citizens or those of other States, it is a choice within its own control. This is true also of actions for personal injuries under the Employers' Liability Act. Douglas v. New York, New Haven & H. R. Co., 279 U.S. 377, 387, 49 S.Ct. 355, 356, 73 L.Ed. 747. Whether a State makes such a choice is, like its acceptance or rejection of the doctrine of forum non conveniens, a question of State law not open to review here."

■ The local citizen is given the election to sue in the federal court or the state court. The Congress, as stated, has prescribed the venue for suits filed in the district courts of the United States. If the injured employee chooses to sue in the state court in the state where he resides and was injured, then his suit is subject to the impartial and nondiscriminatory venue statutes of the state. Surely the Congress in enacting Sec. 56 did not intend to prefer Federal Employers' Liability Act cases over all others, or to override state laws by undertaking to prefer one citizen of the state over others. The state is not compelled by Sec. 56 to open its courts to Federal Employers' Liability Act suits. If it desires,

it may do so, subject to its venue laws, on an impartial and nondiscriminatory basis.

In Waltz v. Chesapeake & O. Ry. Co., D. C., 65 F.Supp. 913, 915, the Court stated with respect to concurrent jurisdiction:

"The construction of the term 'concurrent jurisdiction' has been interpreted so far as state court jurisdiction is concerned under this act to entertain suits thereunder if 'its local laws are appropriate to the occasion.' As was stated in Second Employers' Liability Case (Mondou v. New York, N. H. & H. R. Co.), 1911, 223 U.S. 1, 56, 57, 32 S.Ct. 169, 178, 56 L.Ed. 327, 38 L.R.A.,N.S., 44:

" '* * * there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts, or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction, as prescribed by local laws, is appropriate to the occasion, and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress, and susceptible of adjudication according to the prevailing rules of procedure.' "

Appellee relies largely on the case of Pope v. Atlantic Coast Line R. Co., 345 U. S. 379, 73 S.Ct. 749, 97 L.Ed. 1094. The Supreme Court in that case held that Section 1404(a) of the Federal Code of 1948 does not apply to actions brought in the state courts, and therefore does not change the law as enunciated in the Kepner and Miles decisions. In the Pope case the injury occurred in Ben Hill County, Georgia, which was the place of the plaintiff's employment and residence. He filed his suit in the Circuit Court of Jefferson County, Alabama. The railroad brought suit to enjoin the plaintiff from prosecuting his suit under the Federal Employers' Liability Act in the Alabama court for injuries he received in the course of his employment in Georgia. The court held that the Alabama suit could not be enjoined. We see nothing in that case or in the other cases cited by appellee that in any way are determinative of the question involved in this suit. In the present case the suit, if transferred to McLennan County, may be prosecuted in a county where the appellant railroad operates, where the appellee was injured, and where he resides.

Appellee also relies upon certain language in the Miles case, supra [315 U.S. 698, 62 S.Ct. 830]. We quote as follows from that case:

"The Missouri court here involved must permit this litigation. To deny citizens from other states, suitors under F. E. L. A., access to its courts would, if it permitted access to its own citizens, violate the Privileges and Immunities Clause. Constitution, Art. IV, § 2; McKnett v. St. Louis & S. F. Ry. Co., 292 U.S. 230, 233, 54 S.Ct. 690, 691, 78 L.Ed. 1227. Since the existence of the cause of action and the privilege of vindicating rights under the F. E. L. A. in state courts spring from federal law, the right to sue in state courts of proper venue where their jurisdiction is adequate is of the same quality as the right to sue in federal courts. It is no more subject to interference by state action than was the federal venue in the Kepner case.

"This is not to say that states cannot control their courts."

■ We think this language clearly supports our holding that venue, as distinguished from jurisdiction, is established by state enactment and is subject to state law. Note that the right given to sue is to sue in *state courts of proper venue* where their jurisdiction is adequate. Further, the implication is certain that states can control their own courts.

The cases of Arnold v. Panhandle & S. F. Ry. Co., 1957, 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889, and Deen v. Gulf, Colorado & S. F. Ry. Co., 353 U.S. 925, 77 S.Ct. 715, 1

L.Ed.2d 721, cited by appellee, are not pertinent to the question involved in the instant case. They clearly deal with rules of law or practice directly affecting the employee's right of recovery and the employer's liability, and are in no way concerned with venue. The case of Boyd v. Grand Trunk Western R. Co., 1949, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55, also cited by appellee, merely holds that the railroad employee's agreement to bring suit only where the employee resided or where his injuries were sustained was void. In that case the railroad brought suit in the Michigan Circuit Court of Calhoun County to enjoin the injured employee from prosecuting his cause of action under the Federal Employers' Liability Act in the Superior Court of Cook County, Illinois, contrary to agreement. The case has no relevancy to the question of venue in the present case.

Appellee also relies on the case of McAllister v. Magnolia Petroleum Company, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272. The question presented in that case was whether the Texas statute of limitation was applicable to a claim for unseaworthiness where the seaman's action for unseaworthiness was combined with an action under the Jones Act. The Jones Act, 46 U.S.C.A. § 688, incorporates the limitation period provided for under the Federal Employers' Liability Act, 45 U.S.C.A. § 56. Sec. 56 establishes the limitation period of three years for the enforcement of the federal right created and the limitation period is an integral part of such right. Since if a seaman desires to sue for both unseaworthiness and Jones Act negligence, he must do so in a single proceeding, the United States Supreme Court held that the same limitation period would apply to both grounds of recovery comprising the single cause of action. The Court did not hold that the state could not apply its own statutes of limitation to admiralty rights of action for which Congress has not prescribed a limitation period. Where Federal statutes, which create rights of action, do not establish the period of limitations, both state and federal courts have applied the state statutes.

It will be noted that while Sec. 56 does prescribe the three-year limitation period as an integral part of the right created, it nowhere undertakes to establish venue for cases filed in the state courts. Moreover, lessening the period during which a cause of action may be brought may impair the right created since a right of action which one has for three years is curtailed by lessening the time during which it may be effectively asserted. This is by no means true of state venue statutes in F. E. L. A. suits brought in the state where the cause of action has arisen and the plaintiff resides and the defendant railroad does business.

It follows that this case should have been transferred to McLennan County.

Reversed and remanded, with instructions to the trial court to transfer the cause to the District Court of McLennan County.