Helen Mary ROBINSON, Adm'x, Appellant,

v.

GULF, COLORADO & SANTA FE RAIL-
WAY CO., Appellee.

No. 15998.

Court of Civil Appeals of Texas.

Fort Worth.

May 15, 1959.

Rehearing Denied June 26, 1959.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Frank E. Crumley, Fort Worth, Akin & Vial and Henry D. Akin, Jr., Dallas (on motion for rehearing), for appellant.

Hudson, Keltner & Sarsgard and Luther Hudson, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff, Helen Mary Robinson, brought suit against the Gulf, Colorado and Santa Fe Railway Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for damages for the death of her husband while in the scope of his employment with the defendant.

The deceased was killed when the train on which he was working as fireman collided with a County asphalt truck on Avondale School Road in Tarrant County.

Following a verdict and judgment in favor of defendant Railway Company, the plaintiff appealed.

The controlling question is whether the trial court erred in refusing to submit to the jury Requested Issue No. 1(a): "Do you find from a preponderance of the evidence that the defendant on the occasion in question failed to provide Grady Farris Robinson with a safe place to work?", with accompanying issues on negligence and proximate cause.

Plaintiff's petition in paragraph 6 described the train, alleged excessive speed, alleged that by reason of the terrain in the vicinity of Avondale Road, the angle or tangent at which said railroad crosses said road, color of the train, position of the sun, together with shortness of time said train is in view, "works against the timely observation of said train, and particularly against any reasonable judgment of the speed thereof, by a traveler on or near the crossing in question"; that in spite of high speed of trains the Avondale crossing was marked only by an old-fashioned cross-buck railroad crossing sign, that said sign is deceptive as to nature of dangers existing at said crossing. Paragraph 6 concluded as follows: "In connection with the dangers at the crossing here alleged, plaintiff would show that at the time herein complained of, defendant Railway Company had in its employ and regularly operating its fastest train, an elderly man, long past the age of retirement and long past the age in life when the mental and physical faculties of an individual could or should be expected to function as foreseeably necessary and required of one operating such heavy, powerful locomotives at the high and excessive speeds required by defendant company; that such elderly engineer was operating train No. 15 and in full charge and control of the diesel electric multiple-unit controlled locomotive at the time herein complained of, and Grady Farris Robinson, deceased, was by defendant company negligently placed under the control, supervision and direction of said elderly engineer, and made subject to his orders and commands; that immediately before the collision herein complained of, defendant's locomotive, with its elderly engineer, came out of the curve one and one-half miles north of the Avondale School Road crossing at a speed approaching ninety miles per hour, and within sixty or a few more seconds later crashed into a heavy tank truck belonging to the County of Tarrant, as same was moving across defendant's track westward, with the resulting fatal injuries to Grady Farris Robinson, said en-

gineer and the driver of said truck; that under all of the circumstances existing at said time and place, as hereinabove alleged, or a combination of any of said circumstances, defendant Railway Company negligently failed to furnish Grady Farris Robinson with a safe place to work, as required by law to do, and such failure was a proximate cause of his death and the resulting damage herein complained of."

Paragraph 7 alleged the crossing to be extra hazardous.

In paragraph 8 plaintiff plead: "Further and in addition to the above, and in the alternative if necessary, * * *"; then followed thirteen alleged acts of negligence on the part of defendant and its employees.

The jury found: (1) Defendant was not negligent in authorizing its engineers to operate locomotives at the point of collision at a speed of 84 miles per hour. (3) Defendant was not negligent in failing to mark the crossing in some manner to warn the public that trains passed at speeds as high as 84 miles per hour. (5) Defendant's engineer was not negligent in operating the train at a speed of 84 miles per hour. (7) The engineer did not fail to keep a proper lookout. (9) The engineer timely sounded the whistle. (11) He did not fail to timely apply the brakes on the train. (22) As between defendant and deceased the collision was an unavoidable accident. (24 and 25) Failure of the driver of the asphalt truck to keep a proper lookout was sole proximate cause of death of Robinson. (28) The driving of the asphalt truck on the railway track was the sole proximate cause of Robinson's death.

Plaintiff did not object to any of the issues submitted and does not now contend the answers are not supported by the evidence. She does contend that if the "safe place to work" issues had been submitted and answered favorably to plaintiff, such issues would have controlled over the findings exonerating defendant of specific acts of negligence. Had the issues been sub-mitted, she argues, the jury, with its attention directed to all of the factors to be considered, might reasonably have found that defendant failed to provide its employee with a safe place to work, which finding would have precluded a finding that the negligence of the truck driver was the sole proximate cause.

The evidence shows that the truck driver and his helper had just finished lunch. The front end of the truck was facing the railroad at a distance of 47 feet. The helper told the driver to look for trains. Apparently the driver did look for trains. Immediately thereafter the driver started the truck and proceeded at about 2 miles per hour. The rear end of the truck was struck by the engine of defendant's train. The train was traveling at approximately 84 miles per hour. It was estimated the truck was in movement 21 seconds after starting until hit and the train traveled 2767 feet during the same 21 seconds. The truck could have stopped within 12 seconds and avoided the collision. The truck approached the crossing at a slight tangent, but the train came into view one and one-half miles north of the crossing. At the speed the train was traveling it would require 4505 feet for stopping after the brakes were placed in emergency, and the brakes would not take effect at such speed for 738 feet. The crossing in question was marked only by an old-fashioned cross-buck sign reading, "Railroad Crossing." There is no obstruction along the Avondale Road approaching the railroad from the east, and no obstruction on the railroad tracks. There is an open view for over a mile where the train is at all times in full view of anyone in the position the truck was in from the time it started until it reached the tracks. The Avondale road was a little used road. None of the witnesses had ever heard of a prior accident at the crossing in question. The train involved was of the newest and most improved type of railway equipment, including brakes. The fireman and the engineer were killed by burning asphalt from the truck. The defendant had no notice that

the County had trucks at work on Avondale road. All the witnesses, called by both plaintiff and defendant, who knew the engineer, testified he was regarded as one of the best of engineers.

The defendant had ICC authority to make the particular section involved a high speed area. To meet the requirement the defendant installed a block train signal system, an automatic train stop control on its locomotive. No change was made affecting the Avondale crossing.

■ We agree with plaintiff the Federal Courts have broadened the jury's function in F. E. L. A. cases so that very little evidence is required to uphold a jury verdict of negligence. Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Deen v. Gulf, Colorado & Santa Fe Railway Co., 353 U.S. 925, 77 S.Ct. 715, 1 L.Ed.2d 721.

No doubt had the jury answered the issues submitted favorably to plaintiff this Court, in view of the above and many other cases, would hold that the evidence was sufficient to support findings of negligence.

But the question before us is not the same as if the court had instructed a verdict for the defendant or rendered a judgment notwithstanding the verdict. The question in this case is whether the trial court adequately presented plaintiff's case to the jury.

In Arnold v. Panhandle & Santa Fe Railway Co., 353 U.S. 360, 77 S.Ct. 840, 1 L. Ed.2d 889, the United States Supreme Court held that the findings of the jury on special issues (favorable to defendant) did not exhaust all the possible grounds on which the prior finding of unsafe-place-to-work finding of the jury may have been based.

In the instant case our study of the three volumes of statement of facts convinces us the specific issues submitted did include all the grounds on which a finding of unsafe place to work finding could be based.

■ Like other cases tried in the state courts, F. E. L. A. cases will not be reversed unless the error complained of be of such nature that it "probably did cause the rendition of an improper judgment in the case," as contemplated by Rules 434 and 503, Texas Rules of Civil Procedure. Thompson v. Robbins, Tex., 304 S.W.2d 111.

■ We do not intend to hold, and do not hold, that it is improper in a F. E. L. A. case to submit a general issue on unsafe place to work and special issues on specific acts or omissions. We merely hold, under the whole record in the case before us, that the trial court did not deprive plaintiff of any substantive rights by refusing to submit the general issue of unsafe place to work, having concluded that the special issues properly and adequately presented all plaintiff's grounds on which there was evidence of unsafe place to work to the jury.

■ It is also our opinion, in view of the entire record, the trial court did not err in refusing to submit plaintiff's requested issue concerning defendant's failure to protect the train at the crossing by some character of warning device.

Plaintiff's last point complains of the failure of the court to give certain instructions to the jury after the jury, during its deliberations, had requested clarification of issue 3. We fail to see any error.

Judgment affirmed.