Mr. Justice Harlan,
dissenting.
Certiorari was granted in this case because it appeared that the question was presented whether a state or federal standard determines the sufficiency of the evidence to support a jury verdict in cases in the district courts where jurisdiction is based on diversity of citizenship. That question was left undecided in Dick v. New York Life Ins. Co., 359 U. S. 437, 444-445. The Court having now concluded that the question is not before it, I believe that the writ of certiorari should be dismissed as improvidently granted. Nothing remains in the case, as the Court decides it, except the question whether the evidence was sufficient to support the verdict and questions concerning rulings of the trial judge. As to none of these questions can the Court do more than second-guess, one step further removed from the actual events, the District Court and the Court of Appeals. Accordingly, the case, as it revealed itself at argument, was not appropriate for review by this Court. See my opinion in Ferguson v. *289 Moore-McCormack Lines, Inc., 352 U. S. 521, 559, and the dissenting opinion of Mr. Justice Frankfurter in the same case, id., at 524. The views there expressed apply with particular force in a diversity case, where the cause of action is founded on state rather than federal law. See the opinion of Mr. Justice Frankfurter, dissenting in Gibson v. Phillips Petroleum Co., 352 U. S. 874.
On the merits, I think it is not appropriately part of the business of this Court to substitute its judgment for that of the Court of Appeals, either on the issue of sufficiency of the evidence or on the gravity of the trial errors which led the Court of Appeals to conclude that the respondent had been “deprived ... of his day in court” and had been convicted “on rumor and hearsay, not of negligent fault but of bribery and corruption.” 262 F. 2d 754, 759.