Raymond WATTIGNEY, Plaintiff-Appellee,

v.

**SOUTHERN PACIFIC COMPANY,**
Defendant-Appellant.

No. 26765.

United States Court of Appeals
Fifth Circuit.

May 7, 1969.

Rehearing Denied June 16, 1969.

Harry McCall, Jr., V. Gerald Dean, Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for defendant-appellant.

Robert G. Heller, John J. Cummings, III, John J. Pisa, New Orleans, La., for plaintiff-appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims *.

COLEMAN, Circuit Judge:

This is a Federal Employers Liability Act case. Suit was instituted by Raymond Wattigney against his employer, the Southern Pacific Company, to recover for personal injuries allegedly suffered by him during the course of his

---

* Sitting by designation as a member of this panel.

employment and as a result of employer negligence.

At the first trial, the jury, finding the defendant negligent and the plaintiff contributorily negligent, returned a verdict of $40,000 for the plaintiff. However, upon his refusal to file a remittitur of $12,000, as ordered by the Court, the Court granted the defendant's motion for a new trial.

At the close of all the evidence in the second trial, the defendant moved for a directed verdict on the ground that the evidence failed to show it was negligent in the injury to Wattigney. This motion was denied, and the jury, as the previous one had done, found the railroad negligent and Wattigney partially contibutorily negligent (35%). Judgment was entered in favor of the plaintiff for the sum of $25,000 less 35% for his negligence. This appeal followed the denial of the defendant's motion for a judgment notwithstanding the verdict and a new trial. We affirm.

In July, 1962, Wattigney, who had been an employee of Southern Pacific for thirty years, was injured while attempting to load a friction draft gear onto a two-wheeled truck at the defendant's New Orleans yard. The gear which Wattigney was handling is a shock-absorbing device used by railroads on railroad car couplers. It weighs 354 pounds and consists of a frame, or housing, inside of which is located a plunger and series of springs that move horizontally to absorb the tremendous shock occurring when the cars are fastened together.

While Wattigney was standing in front of the gear as he loaded it, a defective condition inside the gear apparently caused the springs to expand and move forward rapidly, striking the plaintiff in the chest with great force and seriously injuring him.

The plaintiff alleged at trial that the railroad was negligent in failing to warn him of the hazard involved in handling the draft gear. On the other hand, the railroad claimed that plaintiff's injury was due solely to his own negligence in failing to use proper safety procedures while loading the gear. It argued that because of his long experience with the railroad he should have been aware of the danger and guarded against it. In addition, it presented evidence that a notice had been posted on the bulletin board at the yard the day before the accident, describing the proper method for handling the gear, and also that the danger involved in handling the gears had been discussed at previous company safety meetings. However, Wattigney and other employees of the railroad testified that they had never been warned of the danger and were unaware of the existence of the posted notice.

■ Appellant's primary contention is that, based on this evidence, the Court below erred in failing either to direct a verdict in favor of the railroad or to grant its motion for a judgment notwithstanding the verdict. We disagree. While it is true that an employer is not an insurer of its employee's safety under the F.E.L.A., Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949), it is equally true that he *is* liable for all injuries to employees which result "in whole or in part" from his own negligence, 45 U.S.C. § 51.

As the Supreme Court declared in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506–507, 77 S.Ct. 443, 448, 1 L.Ed. 2d 493 (1957):

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily

to make that appraisal, and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence." [Emphasis in original].

This Court, sitting en banc, has very recently emphasized the applicable law, noting that the Congressional intent in the enactment of F.E.L.A. was to "secure jury determinations in a larger proportion of cases than would be true of ordinary common law actions", Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365, p. 371.

■ This is not one of those infrequent situations where jurors could not, under any circumstances, differ as to employer negligence. We think that, faced with the conflicting evidence concerning the failure adequately to warn, the Court below had no choice but to submit the case to the jury for its determination of negligence and contributory negligence, if any.

■ In the second and final point raised in this appeal, Southern Pacific contends that the jury responses to the following interrogatories were irreconcilably inconsistent:

"INTERROGATORY NO. 1: Was the defendant, Southern Pacific Company, negligent?

"ANSWER: Yes.

"INTERROGATORY NO. 2: If your answer to Interrogatory No. 1 was 'yes,' did that negligence have some causal connection with the plaintiff's injuries?

"ANSWER: Yes.

"INTERROGATORY NO. 3: If your answer to Interrogatory No. 2 is

'yes', was the plaintiff, Raymond Wattigney, negligent?

"ANSWER: Yes.

"INTERROGATORY NO. 4: If your answer to Interrogatory No. 3 is 'yes' to what extent, expressed in percentage, did plaintiff's negligence contribute to his injuries?

"ANSWER: 35%.

"INTERROGATORY NO. 5: What amount do you find, without any reduction for any negligence which you may find on the plaintiff's part, will fairly and adequately compensate the plaintiff for the injury he received?

"ANSWER: $25,000."

Apparently, the position of the appellant is that the jury could not at the same time find both parties negligent and yet return a verdict for the plaintiff. This position has to fail because it does not take into consideration the fact that under the statutory scheme of the F.E.L.A. the contributory negligence of an employee does not bar recovery, 45 U.S.C. § 53. Viewed in that light, there were no inconsistencies in the jury answers to the interrogatories.

"[W]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment. Arnold v. Panhandle & S. F. R. Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889. Cf. Dick v. New York Life Ins. Co., 359 U.S. 437, 446, 79 S.Ct. 921, 3 L.Ed.2d 935."

Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962).

The judgment of the District Court is Affirmed.