SOUTHERN PACIFIC TRANSPORTA-
TION CO., Appellant,

v.

Hubbard Stallworth BENDER, Appellee.

No. 1208.

Court of Civil Appeals of Texas,
Tyler.

May 17, 1979.

Rehearing Denied June 14, 1979.

Philip J. John, Jr., James E. Maloney, Baker & Botts, Houston, for appellant.

James H. Brannon, Schmidt & Matthews, Houston, for appellee.

McKAY, Justice.

Appellee brought this action against appellant under the Federal Employers' Liability Act to recover damages for personal injuries sustained in an accident while he was working as an employee for the appellant. Appellee sustained injury when he jumped from a railroad car which was derailing at the Englewood Yard in Harris County, Texas. Trial was to a jury, and the jury found that the railroad had negligently failed to inspect a particular switch and that such failure to inspect was a proximate

cause of appellee's injury. The jury found further that the railroad had not failed to provide appellee with a reasonably safe place to work, and also found that appellant had not failed to provide appellee with safe equipment with which to work. Based upon these answers to special issues the trial court entered judgment for appellee in the amount of $300,000.00.

Appellee was employed by the railroad as a switchman, and his responsibility included primarily positioning railroad cars and assembling and disassembling trains at the Englewood Yard. On the occasion in question appellee and three other crew members assembled eleven 85-foot flatbed railroad cars which were in the process of being pushed to their desired positions by switch engines. Appellee and two crew members were riding on the front, or lead railroad car, and one crew member, the engineer, operated the engine located at the back of the line. As the cars were being pushed along one track that intersected with the switch known as North No. 6 Switch, the front wheels, or trucks, of the first car crossed the switch and properly proceeded along one track. When the rear trucks crossed the No. 6 switch, however, those trucks did not follow on the same tracks as the front trucks, but rather began traveling along another track. Such opposing movements along two different tracks caused the rear trucks of the lead railroad car to derail. Appellee advised the engineer to stop the cars and then he and one crew member jumped from the railroad car, and appellee landed on a hard surface and was injured.

Thereafter appellee brought suit against the railroad alleging that he had sustained injuries and alleged that the railroad was liable for his injuries: (1) in failing to provide [him] with a reasonably safe place in which to work; and (2) in failing to provide [him] with reasonably safe equipment with which to work. The court submitted the following issues one and two to the jury:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that on or before the occasion in question, the Southern Pacific Transportation Company, acting through its officers or employees other than Plaintiff Hubbard Bender, was negligent with respect to (a) not properly inspecting the switch; (b) not properly repairing the switch; (c) not replacing the switch; (d) disconnecting the train line brakes; (e) not applying the brakes in time; (f) not providing an effective communications system for this crew?

"Answer 'Yes' or 'No' on each line in Column 1. If any of your answers in Column 1 are 'yes' then state whether you find from a preponderance of the evidence that any such negligence was a proximate cause of the occurrence in question. Answer 'Yes' or 'No' on the corresponding lines of Column 2.

| | Column 1<br>Negligent | Column 2<br>Proximate<br>Cause |
|---|---|---|
| "(a) Not properly inspecting the switch | 'Yes' | 'Yes' |
| "(b) Not properly repairing the switch | 'No' | |
| "(c) Not replacing the switch | 'No' | |
| "(d) Disconnecting the train line brakes | 'No' | |
| "(e) Not applying the brakes in time | 'No' | |
| "(f) Not providing an effective communications system for this crew | 'No' | |

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that on the occasion in question, the Southern Pacific Transportation Company, acting through its officers or employees other than Plaintiff Hubbard Bender, failed to furnish Hubbard Bender (a) a reasonably safe place in which to work or (b) reasonably safe equipment with which to work?

"Answer 'Yes' or 'No' on each line in Column 1. If any of your answers in Column 1 are 'Yes' then state whether you find from a preponderance of the evidence that any such failure to furnish was a proximate cause of the occurrence in question? Answer 'Yes' or 'No' on the corresponding lines of Column 2.

|  | Column 1<br>Failure to<br>Furnish | Column 2<br>Proximate<br>Cause |
|---|---|---|
| "(a) Place to work | 'No' | _____ |
| "(b) Equipment | 'No' | _____ |

"You are instructed by the Court that a railroad owes a continuing nondelegable duty to its employees to provide them with a reasonably safe place in which to work. You are instructed that the term 'reasonably safe place in which to work' as used herein, is meant such a place from a standpoint of safety to employees as would be furnished by an ordinary prudent railroad in the exercise of ordinary care to its employees under the same or similar circumstances.

"You are further instructed by the Court that a railroad owes a continuing non-delegable duty to its employees to provide them with reasonably safe equipment with which to work in performing their duties. You are instructed that the term 'reasonably safe equipment' as used herein, is meant such equipment from a standpoint of safety to employees as would be furnished by an ordinary prudent railroad in the exercise of ordinary care to its employees under the same or similar circumstances."

Appellant brings five points of error all of which are based upon the proposition that the answers to the special issues by the jury are in irreconcilable conflict. Appellant cites two F.E.L.A. cases (45 U.S.C.A. Sec. 51, et seq.) and relies on them in this appeal. The first case is *Arnold v. Panhandle & S. F. Railway Co.,* 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889 (1957); this is a Texas case reported in 283 S.W.2d 303 (Tex. Civ.App.—Amarillo 1955, writ ref'd n. r. e.). In that case the jury acquitted the railroad on specific acts of negligence but found that the railroad had not furnished Arnold a reasonably safe place in which to work. The Supreme Court of the United States held that the answers were not in conflict for the reason that the specific findings were not exhaustive or all inclusive of the acts which might have constituted negligence, whereas the finding on an unsafe place to work was exhaustive and all encompassing. Stated another way, the unsafe-place-to-work negligence may have resulted from an act not named or included among the specific acts submitted.

The second case appellant relies on is *Missouri-Kansas-Texas RR. Co. v. Shelton,* 383 S.W.2d 842 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.), cert. denied, 382 U.S. 845, 86 S.Ct. 54, 15 L.Ed.2d 85 (1965). *Shelton* presents the reverse of the situation in *Arnold.* In *Shelton* the jury answered *no* to an inquiry whether the railroad failed to furnish appellee a reasonably safe place to work, but the jury also found that the railroad was negligent in permitting chatt, gravel, rocks, mounds of dirt, or debris to remain in the area where the employee alighted from the caboose. The court said at p. 847:

"  .  .  . Since the safe-place-to-work finding is exhaustive and all-encompassing it cannot be reconciled with the finding in regard to chatt, gravel, etc. The Arnold case is really authority for holding that the answers here are in conflict.

"As we view the situation the rule relied on by appellee is not applicable here. In answering Special Issue No. 2 'No' the jury in effect found that appellee *had not discharged his burden* of showing that appellant had furnished appellee an unsafe place in which to work. In answering Special Issue No. 9 'Yes' the jury in effect found that appellee *had discharged his burden* of showing that appellant had furnished appellee an unsafe place in which to work. Both answers cannot be correct. We think the test quoted in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, (Syl. 2) is applicable here. The two findings are in conflict. We sustain appellant's Point No. 5." [Emphasis added.]

Appellee contends that there is a distinction between *Shelton* and the instant case because of explanatory instructions given by the court in *Shelton* which were not given here. In *Shelton* a portion of the instruction to the jury under the safe-place-to-work issue was:

"You are further instructed that the duty to exercise ordinary care to furnish a safe place to work does not have reference only to the physical condition of the place itself but also has reference to the negligent acts, if any, *you find of the defendant's employees* on the occasion in question." [Emphasis added.]

The issue (no. 2) in the case at bar inquired, "Do you find . . . that on the occasion in question, [the railroad], *acting through its officers or employees* other than Plaintiff . . . failed to furnish Hubbard Bender (a) a reasonably safe place in which to work or (b) reasonably safe equipment with which to work?" [Emphasis added.]

Appellee argues that *Shelton* had the vice of including the specific acts of negligence in the general issue of safe place to work, and it was this reference to negligent acts in the instruction that created the conflict in *Shelton.* We disagree. When the trial court here included in Issue 2 "acting through its officers and employees" the same effect was accomplished as if the language of the *Shelton* instruction had been given.

■ Appellee also argues that if there is a conflict in the jury verdict it can be reconciled. The basis of appellee's argument is that the furnishing of reasonably safe equipment took place at one point in time and the failure to inspect the switch took place at another point in time, because one witness testified that approximately six years prior to the accident involved here the appellant discontinued the maintenance practice of checking and oiling the switches on a full-time basis. We recognize that the trial court has the duty to reconcile apparent conflicts in the jury's findings if it can be reasonably done considering the pleadings and the evidence. *Ford v. Carpenter,* 147 Tex. 447, 216 S.W.2d 558, 562 (1949), but we do not agree that such testimony would be sufficient to reconcile a *Shelton*-type conflict as we have here.

■ The rule which should be followed in determining whether there is a fatal and irreconcilable conflict in the jury findings is set out in *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985, 991 (1949):

". . . To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it. In Pearson v. Doherty, 143 Tex. 64, 70, 183 S.W.2d 453, 456, the court quotes with approval as the test in cases of this kind from the opinion in Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused, as follows: 'The test in such [a] case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' "

■ In applying the rule we must consider the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all the rest of the verdict, and if so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. *Little Rock Furniture Mfg. Co. v. Dunn,* supra; *Bradford v. Arhelger,* 161 Tex. 427, 340 S.W.2d 772, 773 (1960); *Bay Petroleum Corp. v. Crumpler,* 372 S.W.2d 318, 319 (Tex.1963); 3 McDonald, Texas Civil Practice, Section 15.06.7.

■ By considering the answer to issue no. 1 and disregarding the answer to issue no. 2, a judgment in favor of appellee would be required; by considering the answer to issue no. 2 and disregarding issue no. 1, a judgment would be required in favor of appellant. We conclude there is a fatal conflict in the jury findings which cannot be reconciled. This result follows when the conflict is between answers to a general issue and to a specific issue necessarily included within the general. 3 McDonald, Texas Civil Practice, Section 15.06.7; *Missouri-Kansas-Texas RR. Co. v. Shelton,* su-

pra; *Bell Cab Co. v. Vasquez,* 434 S.W.2d 714, 719 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.). If the two issues are of equal dignity and magnitude the jury's answers would remain in irreconcilable and fatal conflict because there are inconsistent findings to the same question. The court said in *Pearson v. Doherty,* 143 Tex. 64, 183 S.W.2d 453, 455 (1944): "The rule is that there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand."

It is noted that appellee's pleading alleged only that appellant was negligent in (1) failing to provide a reasonably safe place in which to work; and (2) in failing to provide reasonably safe equipment with which to work. It is also noted that there is no objection by appellant in the record to the giving of the specific negligence issues by the trial court.

We are not unmindful of cases by Texas courts which hold that a specific finding of negligence in a special issue controls over a general finding of negligence; however, this being an F.E.L.A. case, we do not consider those holdings applicable here. *Arnold v. Panhandle & S. F. Railway Co.,* supra; *Missouri-Kansas-Texas RR. Co. v. Shelton,* supra at p. 850–1; *Texas & New Orleans Railroad Co. v. Arnold,* 381 S.W.2d 388, 392 (Tex.Civ.App.—Beaumont 1964), appeal dismissed, 388 S.W.2d 181 (Tex. 1965).

The judgment of the trial court is reversed, and the cause is remanded to that court.